### STATE *v.* PATRICK TAGUE.

October Term, 1903.

Present: MUNSON, START, WATSON, STAFFORD, and HASELTON, JJ.

Opinion filed December 10, 1903.

*Criminal Law—No. 90, Acts 1902—Intoxicating Liquor— Giving is Furnishing.*

Giving away intoxicating liquor is "furnishing" it, within the prohibition of No. 90, Acts 1902.

COMPLAINT for furnishing liquor without first procuring a license, in violation of No. 90, Acts 1902. Plea, not guilty. Trial by court in the City Court of the city of Montpelier, *Woodward,* Judge.    Judgment, guilty of one offense, and sentence thereon.   The respondent excepted.

The trial court found that the respondent had not at the time of the alleged offense any license for the sale of intoxicating liquor; that upon the occasion named in the complaint the respondent *gave away* a drink of reduced alcohol; that there was no evidence that the respondent had violated the law in any other respect.

*H. C. Shurtleff* for the respondent.

*Frank A. Bailey,* State's Attorney, for the State.

STAFFORD, J.   The question is whether the giving away of intoxicating liquor is forbidden by our present statute, Acts 1902, No. 90.  Furnishing is forbidden, and to give away is to furnish.  *State* v. *Freeman,* 27 Vt. 523.   The argument is that the repealed statute did in terms forbid giving away, while the present does not.    But it was evidently intended that furnishing should include giving away.  For example, in the exception allowing private hospitality in one's dwelling, the word is furnish (Sec. 21).  The construction contended for would lead to such absurdities as that minors and habitual drunkards, although they could not be sold to nor otherwise furnished, might be given liquor, and that treating, though forbidden at the bar, could be practiced on the sidewalk.

*The respondent takes nothing by his exception.*