STATE *v.* FRANK MCDERMOTT.

November Term, 1935.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON and
SHERBURNE, JJ.

Opinion filed January 7, 1936

*P. C. Warner* for the respondent.

*John H. Webster*, State's attorney, for the State.

Powers, C. J.   The respondent was convicted in the Franklin municipal court of the illegal sale of intoxicating liquor. The evidence showed that the alleged sale was made at the respondent's dwelling house.  The only exception insisted upon is the one saved when the court refused to charge that the jury should acquit the respondent unless it found that the house had become a place of public resort or that the purchaser was an habitual drunkard.

As now written, the liquor law, No. 197, Acts of 1935, provides that one shall not "furnish or sell, or expose or keep with intent to sell" intoxicating liquor except as therein provided; but that this prohibition "shall not apply to the furnishing of" such liquor by a person in his private dwelling, "unless to an habitual drunkard, or unless such dwelling becomes a place of public resort."  So the question presented turns on the scope and meaning of the word "furnishing" in the clause last quoted.

In former statutes, the law punished one who "sells, furnishes or gives away" intoxicants.  Under those statutes, it was held that the thing prohibited consisted in the unlawful providing of intoxicating liquor, and that this could be done in any of the three ways specified.  *State* v. *Hodgson*, 66 Vt. 134, 148, 28 Atl. 1089.  Likewise, under the present law, the thing

that is aimed at by the statute is providing intoxicants unlawfully, which may be done either by "sale," or by "furnishing." Of course, a sale is one way of furnishing; a gift is another. *State* v. *Tague*, 76 Vt. 118, 119, 56 Atl. 535. But the Legislature did not leave the description of the offense to the comprehensive term "furnish" alone, but added the words "or sell"—thereby clearly indicating that it did not treat the terms used as of the same significance. So when the clause here in question was drawn, the term, "furnishing" was used in the same sense as the word "furnish" as it appeared earlier in the section—as something apart from a sale. In other words, the words "furnish" and "furnishing," as here used, mean to supply or provide another with intoxicating liquor in any way other than by sale. It is not difficult to understand why this distinction was made by the Legislature. The traffic in intoxicating liquor has been, by a wise and effective state policy, the especial object of legislative suppression. The Legislature was willing to allow the furnishing of liquor in a man's private dwelling under the limitations specified in the statute, but it could not tolerate such furnishing when made a means of financial gain.

██ We hold, therefore, that the sale of which the respondent was convicted was illegal and that the refusal of the requested instruction was without error.

*Exceptions overruled and judgment affirmed. Let execution be done.*