459 P.2d 307

**STATE of Arizona, Appellee,**

v.

**Edward Lee MAYS, Appellant.**

**No. 1903.**

Supreme Court of Arizona.

In Banc.

Oct. 2, 1969.

Rehearing Granted Nov. 4, 1969.

Gary K. Nelson, Atty. Gen., Carl Waag, Asst. Atty. Gen., and Moise Berger, Maricopa County Atty., for appellee.

Vernon B. Croaff, Public Defender, and Anne Kappes, Deputy Public Defender, for appellant.

UDALL, Chief Justice.

Defendant, Edward Mays, appeals from convictions of Robbery, Burglary and Assault with a Deadly Weapon, with prior convictions.

Around 2 o'clock on the morning of October 11, 1967, as the victim was walking from his parked car toward the entry way which led to the stairs to his third story apartment, he was hit on the back of the head with a tire iron. He stumbled 10 feet to the entry way and was seized again, wheeled around and hit a second time on the head. At this time he could make out three men: the first, bigger than himself, wearing an orange shirt; a second, wearing a dark blue or black short-sleeved T-shirt; and a third, wearing a dark long-sleeved jacket. The assailant wearing the black short-sleeved T-shirt, took the victim's billfold, watch, and change. All three assailants then forced the victim up to his apartment and threw him face down on the bed. They tied and gagged him; then rummaged through his apartment looking for valuables.

Apparently someone had heard the commotion downstairs and had called the police. Two officers arrived in time to find two of the three assailants still in the

apartment. The assailant wearing the black, short-sleeved T-shirt was found standing in the bath tub behind the shower curtain. Officer Allbright, who discovered him there, identified him in court as the defendant.

Defendant first contends that there is no evidence that he participated in the commission of the crime. He argues that the proof shows only that he was present at the scene. We see no merit in the argument. The victim testified that the assailant wearing the black, short-sleeved T-shirt not only took his wallet, watch and change, but also participated in the rifling of his apartment. The arresting officer identified defendant as the assailant wearing the black, short-sleeved T-shirt, whom he found in the victim's bathroom. It is our opinion that there was sufficient evidence to support the jury's verdict.

Defendant next contends that assault with a deadly weapon is a part of and therefore merged into the crime of robbery. He argues that by being convicted of both crimes, he is being punished twice for the same act. Defendant cites A.R.S. § 13-1641 which provides:

"An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. * * *"

In State v. Westbrook, 79 Ariz. 116, 285 P.2d 161, 53 A.L.R.2d 619 (1954), we construed the above statute to mean that where one act gives rise to criminal prosecution for two separate crimes, punishment for one crime bars punishment for the other only where the two crimes have identical components. Enriquez, 104 Ariz. 16, 448 P.2d 72 (1968), we applied that rule specifically to the crimes of assault with a deadly weapon and robbery; holding that those two crimes

"* * * differ significantly in their components in that robbery does not require the use of a deadly weapon. The fear or force element in the crime of rob-

bery may be supplied by any form of conduct on the part of the wrongdoer which is reasonably calculated to put the victim in fear and cause him to part with his property for that reason. (Citations omitted.) Thus, by electing to use a gun as his instrument of fear a robber commits the additional crime of assault with a deadly weapon."

Likewise, when defendant Mays elected to use a deadly weapon, a tire iron, he committed the additional crime of assault with a deadly weapon.

 Defendant's third argument is that the trial court erred in failing to furnish him, at state expense, a copy of the transcript of the preliminary hearing. Defendant relies on Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967), which holds that "differences in access to the instruments needed to vindicate legal rights, when based upon the financial situation of the defendant, are repugnant to the Constitution." The report of the Roberts case in the U. S. Court of Appeals, 2 Cir., 373 F.2d 49, reveals that the minutes of the preliminary hearing were never transcribed, and therefore were unavailable to the indigent defendant in that case unless he ordered and paid for a transcription of the minutes. With that background it is easy to understand the ruling in the Roberts case. We do not have such a situation here. As was pointed out to defendant by the trial judge:

"The original of the transcript of the preliminary hearing is filed as a part of the file of this cause, and the original transcript is available for use by both the state and the defense; further, the practice of using the original transcript by the defense and state has been a practice of many years. The defense, whether using employed counsel or appointed counsel, have often used the original transcript rather than incur the expense of purchasing a copy. * * *"

Defendant's counsel was free to check out the original transcript. He could take it wherever necessary or convenient to go

over it himself or with defendant. Thus it was freely and equally available to the State and the defendant; the affluent and the indigent.

Defendant's fourth argument is that the trial court erroneously instructed the jury. The instruction complained of is Maricopa Recommended Jury Instruction No. 204, issued by the Superior Court of Maricopa County as a guide for the judges of that court. It reads as follows:

"A defendant in a criminal case is presumed by law to be innocent. The law does not require a defendant to prove his innocence or to produce any evidence.

The burden of proving the defendant guilty beyond a reasonable doubt rests upon the state. The burden never shifts throughout the trial.

The term 'reasonable doubt' means a doubt based upon reason. This does not mean an imaginary or possible doubt. It is a doubt for which a reason can be given, arising from an impartial consideration of the evidence or lack of evidence. (It means a doubt that would cause a reasonable man to pause or hesitate when called upon to act upon the most important affairs of life.)

(If, after consideration of all of the evidence, you are convinced of the guilt of the defendant, then I instruct you that you are satisfied beyond a reasonable doubt. If, on the other hand, you are not convinced of the guilt of the defendant, then I instruct you that you are not satisfied beyond a reasonable doubt.)"

Although defendant failed to object to the above instruction, he now argues that the last paragraph improperly states the law. We have often ruled that matters not objected to at trial will not be considered by this court on appeal. The trial court must be given an opportunity to correct asserted errors before we will listen to the plea that injustice has been done. State v. Hays, 100 Ariz. 371, 414 P.2d 745. We need not decide whether, upon prop-

er objection, it would be reversible error not to strike the last paragraph of this instruction. We merely hold that when read together with the preceding paragraphs, which undoubtedly define reasonable doubt in traditionally acceptable terms, it is not so misleading as to constitute fundamental error.

Defendant was given a sentence of 10 years, for his conviction, on Count 3, of assault with a deadly weapon. He contends, and we agree, that the trial court erred in failing to impose an indeterminate sentence as prescribed by A.R.S. § 13–1643. We stated clearly in Ard v. State, 102 Ariz. 221, 427 P.2d 913 (1967), that the provisions of that statute were mandatory. The case is therefore remanded to the Superior Court of Maricopa County for the sole purpose of resentencing on the conviction of assault with a deadly weapon, with directions that the trial court fix both a minimum and maximum term of imprisonment.

LOCKWOOD, V. C. J., and STRUCKMEYER, McFARLAND, and HAYS, JJ., concur.