462 P.2d 82

**The STATE of Arizona, Appellee,**

v.

**Alphonso VALDEZ PADILLA, Appellant.**

**No. 1948.**

Supreme Court of Arizona.

In Division.

Dec. 9, 1969.

Rehearing Denied Jan. 13, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, Vernon B. Croaff, Former Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

STRUCKMEYER, Justice.

Appellant and a co-defendant were arrested, tried and convicted on the charge of possession of a narcotic drug, heroin, in violation of A.R.S. § 36-1002, as amended, Laws of 1961, Ch. 1, 1st S.S. § 2, and he appeals.

Appellant first complains that the court below erred in failing to direct a verdict of acquittal on the grounds that there was no showing of exclusive possession of heroin. The evidence for the prosecution established these circumstances. Two City of Phoenix police officers at about the hour of 9:00 p. m. on the evening of October 22, 1967, drove into the parking lot of a tavern called the "Watkins Inn". As they swung around to the back of the building, they observed three men squatting down near it. One man ran around the building and was not apprehended. Near the other two was an eyedropper lying on the ground with a hypodermic needle attached to it.

The police officers immediately took appellant and his companion into custody and examined the premises for other evidence of unlawful activities. They found a beer glass with water and some burned match stubs "right in front of where these people were" and a small piece of aluminum foil "lying right down where they had been". A burned spoon was found about 6 feet away with a wet substance on it and still further away a package containing 17 smaller packages of heroin, each wrapped in aluminum foil. One of the police officers examined the arms of appellant and observed red marks which appeared to be puncture wounds. At the site of each wound there was a small amount of blood. Appellant was slow in movements, reactions and speech. Later, tests determined that an opiate was present in the residue on the spoon. Appellant's companion, on being searched, was found to have a wad of cotton on his person.

We think the evidence is sufficient for the jury to infer appellant's possession of heroin. The hypodermic needle, the burned spoon with the residue of opiate on it and the heroin close by reasonably lead to the conclusion of possession by one of the three in appellant's group. The punc-

ture marks on appellant's arms with blood still on them and appellant's physical condition as that of a person under the influence of narcotics together with the small piece of aluminum foil similar to wrappings of the 17 small packages of heroin lead to the further inference that appellant had possession of one package of heroin for the purpose of injecting it into his body.

■ The evidence is, as a whole, sufficient to permit a jury to believe beyond a reasonable doubt that appellant had been in the possession of heroin contrary to the Arizona statute and as charged in the information. It was unnecessary for the State to prove possession of the 17 packets of heroin. Nor is possession at the immediate time of apprehension required. The holdings in State v. Hunt, 91 Ariz. 149, 370 P.2d 642 and Carroll v. State, 90 Ariz. 411, 368 P.2d 649, that there must be exclusive possession in the defendant are fully satisfied by the evidence as presented.

■ Appellant complains that the court erred in failing to give an instruction on the weight to be accorded by the jury to circumstantial evidence. We have repeatedly held, through a long line of cases, that it is fundamental error for the court to fail to instruct on the probative force of circumstantial evidence where the prosecution must rely exclusively thereon for conviction. See State v. Miller, 104 Ariz. 335, 452 P.2d 509. It is clear from what has been said that the State's case was entirely circumstantial.

Nonetheless, the State urges us to abandon our prior decisions filing an extensive brief to the effect that circumstances can sometimes be more convincing than testimonial evidence. We have no doubt that in some instances it can be. But there is a clear line of demarcation between the two classes of evidence. On the one hand it is necessary on testimonial evidence for the jury to be convinced of the accuracy of the witness's observations and his truthfulness. On the other, it is necessary that the jury exercise the mental faculty of reasoning, a faculty which all people do not share to the same extent and which is sometimes blunted by the lack of insight and the power of evaluation. In any event, while recognizing counsel's able argument to this court, we are still not convinced where an entire case is dependent upon deduction that an instruction requiring the jury to find every link in the chain of circumstances to be consistent with that of guilt and inconsistent with every reasonable hypothesis of innocence is an undesirable burden to be placed upon the prosecution.

■ Appellant also questions the instruction given by the court on reasonable doubt. No objection, however, was made to the instruction in the trial court. The assertion of error made now is one of a highly refined nature and one which is unlikely to have influenced the jury in reaching its verdict. We do not consider it fundamental error and, therefore, not having given the trial court an opportunity to pass upon the question, pursuant to our usual rule, we will not consider it as grounds for reversal.

Finally, appellant complains of the admission of State's Exhibit #5, a certification that defendant had, prior to the time of trial, been committed to the State Penitentiary and served a term of imprisonment therein. This exhibit was offered by the State to establish a former conviction of a felony. While it is true that appellant objected to the admission of State's Exhibit #5 into evidence, he did not object to its admission for the precise reason now being raised.

The judgment of conviction is reversed with directions that appellant's motion for new trial be granted.

UDALL, C. J., and HAYS, J., concur.