462 P.2d 799

**STATE of Arizona, Appellee,**

v.

**Edward L. JORDAN, Appellant.**

**No. 1942.**

Supreme Court of Arizona.

In Banc.

Dec. 19, 1969.

Rehearing Denied Jan. 27, 1970.

Gary K. Nelson, Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, Vernon B. Croaff, Former Public Defender, Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

LOCKWOOD, Vice Chief Justice.

Defendant Edward Lee Jordan was convicted of assault with a deadly weapon and sentenced to not less than five nor more than ten years. From this judgment and conviction defendant appeals.

About 2:00 o'clock in the morning of November 25, 1967, Barry Porta, Roy Quinn, Richard Quinn, Kathleen McDonnell, and Ellen Weiser were driving south on North Central Avenue in Phoenix. A car driven by defendant, in which Rickey Bell was riding, pulled along side the Porta car, imprecations were exchanged, and both defendant and Bell threw beer cans at the occupants of the other car. At this point Porta pulled into a service station at the corner of Central and Thomas Road and got out of the car to call the police. As Roy Quinn emerged from the car on the passengers' side, he

was struck on the head and knocked unconscious. Richard Quinn jumped out of the car and observed defendant with a sawed-off pool cue in his hand, standing over his brother, who was bleeding profusely from a head cut. Richard Quinn and Porta subdued defendant and Bell, holding them until the police arrived. Roy Quinn never saw his assailant prior to the blow, and none of the other occupants of the Porta vehicle observed defendant hit Quinn with the pool cue. A waitress in an adjacent restaurant testified that she saw one of the two boys strike Quinn, but she couldn't tell which one had delivered the blow. Defendant and Bell were both charged with assault with a deadly weapon and tried together. Defendant was convicted of the crime charged, while Bell was convicted of simple assault.

Defendant's primary contention is that the verdict of assault with a deadly weapon against him is inconsistent with the verdict of simple assault against Bell and is therefore invalid. Defendant argues that both were charged as principals in the single act of assaulting Roy Quinn with a deadly weapon, that the evidence showed that they both participated in this assault, and, therefore, to convict one defendant of assault with a deadly weapon and the other defendant with simple assault is a legal and logical impossibility.

■■ It is argued that these two verdicts were inconsistent. The majority view in the country is that verdicts as between two defendants tried together need not show rational consistency. See Annot., 22 A.L.R.3d 717, 723 (1968). In the recent case of State v. Zakhar, 105 Ariz. 31, 459 P.2d 83 (1969), we held that consistency between verdicts on the several counts of an indictment is unnecessary. While Zakhar, *supra*, is not squarely on point, it does reject the proposition that reviewing courts may second-guess juries on the logic of their verdicts. Such a refusal to invade this province of the jury has been the basis for several decisions holding that verdicts as between two defendants, the situation in

the case at bar, need not be consistent. In Taylor v. State, 159 Fla. 74, 31 So.2d 47 (1947), the court held that there was no inconsistency warranting reversal of a grand larceny conviction because the other jointly charged defendant was found guilty of petit larceny. See also Odom v. United States, 377 F.2d 853, 22 A.L.R.3d 705 (5 Cir.1967), and United States v. Bergdoll, 272 F. 498 (D.C.1921).

Defendant's next contention centers around certain statements made by the prosecutor in his closing argument. In his summation the county attorney stated to the jury:

"In this case, there was contact. In fact as you examine State's Exhibit 1 in evidence, ladies and gentlemen, I think you will notice stains here. And again what I say is not evidence, *but these are red stains*." (Emphasis added.)

Defendant's counsel moved for a mistrial on the ground the prosecutor's broad implication that the cue stick was bloodstained had no basis in the evidence and was, therefore, improper to place before the jury. Defendant argues that the court's refusal to declare a mistrial was reversible error. We reach a contrary conclusion.

■■ The Court has stated many times that attorneys should be given wide latitude in their arguments to the jury. State v. Neil, 102 Ariz. 299, 428 P.2d 676 (1967); State v. White, 102 Ariz. 162, 426 P.2d 796 (1967). With this rule in mind we hold that the prosecutor's comments concerning the stains on the pool cue do not constitute reversible error. The State was trying to show that Roy Quinn had been struck by the pool cue wielded by defendant. The prosecutor could point to the condition of the pool cue to buttress this theory. Since the record is replete with testimony that Roy Quinn was bleeding heavily from his injury, the jury was entitled to infer that the stains on the pool cue, alluded to by the prosecutor, were blood stains.

Defendant next argues that the sentence imposed is invalid because it is ambiguous.

The minute entry of June 20, 1968, reads as follows:

"IT IS THE JUDGMENT AND SENTENCE OF THIS COURT that the defendant be confined at the Arizona State Penitentiary at Florence, Arizona, for a period of not less than five (5) years nor more than ten (10) years, the sentence to commence as of December 14, 1967 and to run concurrently with the sentence in Cause No. 50094 imposed by the Honorable Edwin Thurston, Judge of the Superior Court, on Revocation of Probation."

Defendant argues that a sentence is ambiguous if its commencement date cannot be determined without going outside the record.

We are at a loss to understand defendant's contention. There can be little confusion concerning the commencement date or duration of the sentence in question—it begins December 14, 1967, and will run not less than five nor more than ten years. While we cannot ascertain from the record before us the commencement or duration of the sentence in "Cause No. 50094", this does not render the sentence in this case ambiguous since the two sentences are concurrent and not consecutive.

Defendant next argues that the trial judge committed reversible error in failing to properly instruct the jury in regard to circumstantial evidence. Whatever the merits of defendant's position his attorney made no objection after the instructions were given, and, therefore, this matter cannot now be raised on appeal. State v. Chambers, 104 Ariz. 247, 451 P.2d 27 (1969).

Finally, defendant complains that the court's instruction on reasonable doubt misstates the law. The instruction involved is the Maricopa Recommended Jury Instructions for Criminal Cases #204. Defense counsel did not object to the giving of this instruction. In State v. Mays, 105 Ariz. 47, 459 P.2d 307 (1969), the public defender also urged us to hold this in-

struction erroneous using the same arguments which he presents in the instant case. We declined to adopt this position in Mays, and that result governs this case.

Judgment affirmed.

UDALL, C. J., and STRUCKMEYER, McFARLAND and HAYS, JJ., concur.