463 P.2d 63

STATE of Arizona, Appellee,

v.

Charles Ray MARTIN, Appellant.

No. 1945.

Supreme Court of Arizona.

In Division.

Dec. 30, 1969.

Rehearing Denied Jan. 27, 1970.

Gary K. Nelson, Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, Vernon B. Croaff, Former Public Defender, Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

LOCKWOOD, Vice Chief Justice:

Defendant, Charles Ray Martin, was convicted by a jury of "furnishing" marijuana in violation of A.R.S. § 36–1002.07, as amended 1961. Martin was sentenced to a term of not less than five years, nor more than five years and one day. From the judgment and sentence the defendant appeals.

The facts show that at about 1:30 P.M., January 10, 1968, a Federal Narcotics Agent, Chris V. Saiz (hereafter designated Agent Saiz), approached one Robert Lee Williams (the defendant's brother-in-law) and offered Williams $25.00 for marijuana and other drugs. Williams accepted the money and told Agent Saiz he could collect the merchandise later that day. The defendant was not present at this meeting.

Later, about 3:00 P.M., Agent Saiz went to Williams' home. From there Saiz, Wil-

liams and two other persons drove to a corner on West Buckeye Road. At this time Agent Saiz met the defendant for the first time. Williams directed the defendant to give Agent Saiz two match boxes. These boxes were admitted into evidence and their contents identified as usable quantities of marijuana.

· The defendant testified on his own behalf. He testified that prior to the three o'clock meeting on Buckeye Road he had never seen Agent Saiz. Martin testified that before the meeting, Williams came to him and asked him (Martin) to go to their apartment (Martin, his wife, Williams and several other members of the Williams family were living in the same apartment) and bring the two match boxes to the corner on Buckeye Road. Martin testified that he did not know the boxes contained marijuana, but thought they contained catnip tea and marijuana seeds. The defendant admitted giving these boxes to Agent Saiz. At no time did he receive any money from either Agent Saiz or Williams for his part in the transaction.

Subsequently, Martin was arrested and charged with "sale" of marijuana in violation of A.R.S. § 36-1002.07. A preliminary hearing was held and the defendant was bound over, and later pleaded not guilty. On June 24, 1968, at 9:40 A.M., the defendant was brought to trial. · At that time, in chambers, the State moved orally to amend the information by substituting the word "furnishing" for the word "sale". Over defendant's objection the court granted the motion to amend. The defendant then moved for a continuance on the grounds that he was prepared to defend against a charge of "sale" but not "furnishing". After some discussion the court recessed until two o'clock the same afternoon at which time the trial was begun.

The defendant's first contention is that the trial court erred in permitting the state to amend ·the information at the commencement of the trial. Defendant argues that he was·prejudiced either because the amended information· allowed him..to be tried without firšt having a preliminary hearing, arraignment and opportunity to plead to the "furnishing" charge, or because the brevity of the continuance granted denied him the opportunity to adequately prepare his case.

In Creel v. United States, 21 F.2d 690 (8th Cir., 1927) the United States Court of Appeals held that under the National Prohibition Act, Tit. 2, § 3 (27 U.S.C.A. § 12), illegal "selling" and "furnishing" of liquor were distinct offenses and an indictment or information charging both in a single count was bad for duplicity. However, the Supreme Court of Vermont, in construing a similarly worded state statute, held that separate crimes were not stated by the use of the phrase "furnish or sell", but that the legislature was merely stating different ways in which the same crime could be committed. State v. McDermott, 108 Vt. 58, 182 A. 191 (1936). *See also* State v. Alvord, 46 Idaho 765, 271 P. 322 (1928).

We believe the conclusion reached in *McDermott* and *Alvord*, i. e. that the statute states but one crime, which may be committed in several different ways, is more reasonable, and that the same principle applies as to § 36-1002.07. Hence it was unnecessary to follow the procedures required when an amendment of a charge constitutes accusation of a different crime.

This result is also the one which is consistent with our Rules of Criminal Procedure. Under these rules an information may validly charge a crime by merely referring to the statute creating the offense. Rule 115, Ariz.R.Crim.P., 17 A.R.S. · If the defendant feels he should have more information, he may move for a bill of particulars. Rule 116, Ariz.R.Crim.P., 17 A.R.S. By holding that the several terms in A.R.S. § 36-1002.07 merely define several ways in which a single crime may be committed, this procedure may be followed. Defendant did not request such information here. It follows that the trial court did not err in allowing the state. to amend the information.

■ Defense counsel originally requested a continuance of three or four days. However, when the judge later asked if he was talking about a continuance only until 1:30 o'clock that afternoon, the defense counsel replied, "That would be all right * * *." We need not determine whether this constituted a waiver of the request for three or four days continuance, since it is apparent from the evidence that no prejudice resulted from proceeding with the trial at the time it took place. The evidence, including defendant's own testimony, revealed that he did not sell the marijuana, but, that he did furnish it to Agent Saiz.

Defendant admitted handing the boxes (which contained marijuana, identified by a chemist) to Agent Saiz. Defendant claimed he thought the boxes contained "catnip tea and marijuana seeds", but his belief in this regard was a matter for determination by the jury, which obviously rejected his contention.

■ Appellant's second contention is that fundamental error was committed by the court in giving the Maricopa Recommended Jury Instruction on reasonable doubt (MARJI #204). No objection was made to this instruction at trial. In accordance with our previous decisions this does not constitute fundamental error, and hence is not grounds for reversal. State v. May, 105 Ariz. 47, 459 P.2d 307 (1969); State v. Padilla, 105 Ariz. 214, 462 P.2d 82 (December 9, 1969); and State v. Jordan, 105 Ariz. 250, 462 P.2d 799 (December 19, 1969).

■ Appellant's final contention is that the trial court erred in not granting a mistrial when Agent Saiz related that he had had a conversation with the defendant "relative to future marijuana."

The defendant objected to the materiality of any conversation about future marijuana, and the objection was sustained. Defendant then moved for a mistrial. This was denied. The mention of this unrelated transaction was error, but in view of the entire evidence, was not prejudicial so as to require the granting of a mistrial.

Judgment affirmed.

STRUCKMEYER and McFARLAND, JJ., concur.