470 P.2d 484

**STATE of Arizona, Appellee,**

v.

**Floyd RILEY, Appellant.**

**No. 1 CA–CR 207.**

· Court of Appeals of Arizona, Division 1.

June 10, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HATHAWAY, Judge.

The defendant was convicted of illegal possession of heroin and sentenced to imprisonment in the state prison for a term of not less than four nor more than six years. He appeals this conviction claiming various errors in the trial proceedings relative to admissibility of evidence, denial of a motion for mistrial, and instructions to the jury. In view of our disposition of this appeal, namely, reversal, we deem it unnecessary to detail and consider the various contentions of error. Furthermore, our examination of the record discloses that the claimed errors were either invited by the defendant or waived for failure to properly object in the trial court.[1]

The defendant contends that because the state's case was based entirely on circumstantial evidence, the court was obliged to give the usual cautionary instruction that the circumstances must not only be consistent with an inference of guilt but also inconsistent with any reasonable hypothesis of innocence. We agree that such is the rule in this jurisdiction. State v. Paruszewski, 11 Ariz.App. 568, 466 P.2d 787 (1970); State v. Bloom, 105 Ariz. 332, 464 P.2d 615 (1970); State v. Valdez Padilla, 105 Ariz. 214, 462 P.2d 82 (1969); State v. Tigue, 95 Ariz. 45, 386 P.2d 402 (1963).

The crime of possession of narcotics requires either actual or constructive possession with knowledge of the presence of the narcotic substance. Carroll v. State, 90 Ariz. 411, 368 P.2d 649 (1962); State v. Carr, 8 Ariz.App. 300, 445 P.2d 857 (1968). "Actual possession means that the goods are in the personal custody of the person charged with possession; whereas, constructive possession means that the goods are not in actual, physical possession, but that the person charged with possession has dominion and control over the goods." State v. Callahan, 77 Wash.Dec.2d 26, 459 P.2d 400, 401–402 (1969). Here, there was no evidence introduced that the defendant was in physical possession of the heroin. However, the evidence established that the heroin was found in the apartment for which the defendant paid the rent and that the defendant resided there. A conviction of illegal possession may be based upon evidence that the narcotic, while not found on the person of the defendant, was in a place under his dominion and control. Petty v. People, 447 P.2d 217 (Colo.1968); See Annot., 91 A.L.R.2d 810. Circumstantial evidence is the proof of the existence of some fact from which fact the existence of the thing in issue may be legally and logically inferred. Since there was no direct evidence of possession, an instruction on circumstantial evidence was mandated. The failure to give it constituted fundamental error requiring reversal.

Cause remanded for a new trial.

HOWARD, C. J., and KRUCKER, J., concur.

[1] Since this case is to be retried, we presume the trial court will delete the last paragraph of MARJI number 204 instruction which our Supreme Court of Arizona has indicated may be reversible error, if properly objected to. State v. Mays, 105 Ariz. 47, 459 P.2d 307 (1969). See also State v. Albe, 10 Ariz.App. 545, 460 P.2d 651 (1969).