542 P.2d 1120

**The STATE of Arizona, Appellee,**

**v.**

**Manuel Reyes BARRERAS, Appellant.**

**No. 3245.**

Supreme Court of Arizona,
In Banc.

Nov. 26, 1975.

Rehearing Denied Jan. 2, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and Georgia C. Butcher, Asst. Attys. Gen., Phoenix, for appellee.

Brandt & Engler by Don B. Engler, Yuma, for appellant.

CAMERON, Chief Justice.

This is an appeal from a conviction of unlawful possession of heroin, A.R.S. § 36–1002, and a sentence pursuant thereto of from two to ten years in the Arizona State Prison.

The single question raised on appeal is whether the trial court, having acquitted defendant on charges of possession of heroin for sale, A.R.S. § 36–1002.01, and offering heroin for sale, A.R.S. § 36–1002.02, on the basis of defendant's entrapment defense, could on the same evidence find defendant guilty of simple possession of heroin.

The facts, viewed in a light most favorable to upholding the decision of the trial court, necessary for a determination of this case are as follows. Defendant Manuel Barreras, a resident of Blythe, California, and a self-confessed heroin addict, was approached by Henry Almanza, a police informant, approximately three days after being released from prison after serving fifteen months for possession of marijuana and possession of narcotics paraphernalia. Almanza asked defendant if defendant could obtain some heroin; defendant refused stating that he had a job lined up and that he wanted to stay out of trouble. Almanza persisted, supplying defendant with drugs or the money to purchase drugs on several occasions over a period of days and eventually persuaded defendant to arrange for the sale of 12 ounces of heroin to Joe Nava, a police undercover agent.

The proposed transaction was to occur on 3 August 1975 in the parking lot of the Greyhound Bus Depot in Yuma, Arizona. Law enforcement officials were informed of the pending sale and a team of officers was assigned to place the bus station on surveillance on that date.

At trial defendant testified that he had no memory of the events of 3 August as he had injected heroin supplied him by Henry Almanza on the day before the sale was to take place and was consequently under the influence of drugs throughout the following day.

There was, however, testimony by other witnesses to the following effect: Defendant arrived at the Yuma Bus Depot accompanied by his wife Kathy Barreras in an automobile driven by the informant Henry Almanza. Zeke Whetstone, a go-between from Blythe, arrived later in his automo-

bile. After discussion with undercover agent Nava who was already on the scene, defendant, Kathy Barreras, and Whetstone left the area in Whetstone's car, returned several minutes later, left again, and returned a second time, now accompanied by Charles Robinson who was later identified as the "main man" that is, the supplier of the heroin. Officer Nava then opened the trunk of his car and displayed $10,000, which was hidden inside, to defendant and Robinson.

According to Officer Nava's testimony, defendant, Kathy Barreras, Robinson, and Whetstone then left the scene again returning about 20 minutes later in a different car. On his return, defendant asserted that he had tried the heroin and that it was "really great stuff." Nava testified further that at that point both defendant and Kathy Barreras seemed to be high on drugs.

Whetstone and Robinson then left again, while Officer Nava and defendant remained at the bus station and discussed the transaction. Specifically, Officer Nava testified that defendant told him again that the heroin was of high quality and that it could be "cut" to increase its quantity.

After again returning to the scene, Whetstone and Robinson finally left to retrieve the heroin. On returning, Robinson showed Officer Nava a condom containing a brown powdery substance later identified as heroin. At that point, Nava gave a signal to the other law enforcement officers in the vicinity who immediately came on the scene and arrested defendant, Kathy Barreras, Whetstone, and Robinson.

Defendant was indicted and charged with possession of heroin for sale, A.R.S. § 36–1002.01, and offering heroin for sale, A.R.S. § 36–1002.02.

The court, sitting without a jury, found that defendant had been entrapped into participating in the sale transaction; it therefore found him not guilty on the charges of possession for sale and offering for sale. The court specifically found Henry Almanza's testimony to be "unreliable and not worthy of consideration" and stated that "such testimony could never carry conviction beyond a reasonable doubt." The State in its brief agrees with the trial court in this ruling.

The court found defendant guilty of the lesser included offense of possession of heroin, A.R.S. § 36–1002, stating:

> " * * * it is crystal clear from the evidence that the defendant in this case was an addict and had a strong personal propensity to possess heroin and that he was not trapped in such possession by the informant. He willingly used some of the drug."

██ Possession of a narcotic drug, A.R.S. § 36–1002, is a lesser included offense of possession of a narcotic drug for sale, A.R.S. § 36–1002.01; *State v. Arce,* 107 Ariz. 156, 483 P.2d 1395 (1971). The crime of possession of narcotics requires either actual possession or constructive possession. *State v. Riley,* 12 Ariz.App. 336, 470 P.2d 484 (1970).

> " * * * Actual possession means that the goods are in the personal custody of the person charged with possession; whereas, constructive possession means that the goods are not in actual, physical possession, but that the person charged with possession has dominion and control over the goods." *State v. Callahan,* 77 Wash.2d 27, 29, 459 P.2d 400, 401–402 (1969).

██ We have reviewed the transcript in the instant case. We find no evidence which would support a finding that the defendant had dominion and control, either actual or constructive, jointly or solely over the heroin in question. The fact that the defendant may have taken some heroin does not in and of itself support a conviction for possession.

Judgment reversed.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.