562 P.2d 407

**STATE of Arizona, Appellee,**

v.

**Debbie Claire CURTIS, Appellant.**

**No. 1 CA–CR 1997.**

Court of Appeals of Arizona,
Division 1,
Department C.

March 22, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Cr. Div., Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

Clayton R. Hamblen, Phoenix, for appellant.

OPINION

FROEB, Chief Judge.

The appellant appeals from the judgment of guilt entered upon a jury verdict finding the appellant guilty of violating A.R.S. § 36–1002.05, possession of marijuana. The sole issue raised on appeal is whether the

appellant's motion for judgment of acquittal should have been granted because the evidence was insufficient to support a finding of guilt.

The State's case consisted of the testimony of two police officers who were involved in serving a search warrant on a residence in Phoenix. Upon entering the home, the officers testified that they smelled a strong odor of burning marijuana and that they observed three people seated on a couch in the residence. Appellant was at one end of the couch. In front of the couch was a circular table with a plastic sandwich bag approximately two-thirds full of marijuana. There was testimony that appellant, in her position on the couch, was approximately two feet from the bag located on top of the table. The officers also testified that they found a partially burned and still warm marijuana cigarette on the floor between the feet of the person seated next to appellant. There was also testimony that the appellant was an artist and had gone to the house to paint the portrait of one of the residents. In fact, the partially painted portrait was admitted into evidence at the trial. Appellant was not a resident at this home.

 Both the appellant and the State appear to agree that this conviction must stand or fall upon the issue of constructive possession. The crime of possession of marijuana requires either actual physical possession or constructive possession. *State v. Barreras*, 112 Ariz. 421, 542 P.2d 1120 (1975). Constructive possession can be shown by proof that the person exercised dominion and control over the substance. *State v. Riley*, 12 Ariz.App. 336, 470 P.2d 484 (1970). Furthermore, it is not necessary to show that a defendant exercised exclusive possession or control over the substance itself or the place in which the illegal substance was found; control or right to control is sufficient. *State v. Carroll*, 111 Ariz. 216, 526 P.2d 1238 (1974). As noted by the court in *State v. Cunningham*, 17 Ariz.App. 314, 497 P.2d 821 (1972):

It is further true that while both direct and circumstantial evidence may be used to show possession of marijuana, the evidence must link the defendant to the marijuana in a manner and to an extent that a reasonable inference arises that not only did the accused know of the marijuana's existence and of the whereabouts, but that he had dominion and control of the marijuana. 17 Ariz.App. 314, 316–317, 497 P.2d at 822–823.

The cases which have reiterated the oft-quoted rule that mere presence at the scene where narcotics are found is insufficient in and of itself to prove possession are legion. See, e. g., *Carroll v. State*, 90 Ariz. 411, 368 P.2d 649 (1962); *State v. Moses*, 24 Ariz. App. 305, 537 P.2d 1363 (1975).

We think there can be little dispute under the facts of this case that a criminal offense was occurring and that appellant was present and had knowledge of the offense when the officers entered the residence. The strong odor of burning marijuana and the warm, half-burned marijuana cigarette found between the feet of her companion is indicative that the cigarette had recently been smoked, at least, in her presence. Nevertheless, the critical question here is whether there is evidence that appellant exercised dominion and control over the substance as compared to anything more than a showing that appellant was present at the scene of an offense.

We do not think the case of *State v. Saiz*, 106 Ariz. 352, 476 P.2d 515 (1970), urged by the State, is controlling in the instant case. The State argues that the controlling factor in *Saiz* was the close proximity of Saiz to the heroin which was found in open view. We disagree. We also disagree that *Saiz* is a "constructive" possession case. The only discussion on this point in *Saiz* was a comment by the court that: "Our holding in the *Verrue* case [*State v. Verrue*, 106 Ariz. 325, 475 P.2d 939] is equally applicable to this defendant as regards the question of dominion, control and testimony thereto of the narcotic in Verrue's pocket. . . . The evidence was sufficient to support a finding of the jury of possession of narcotics." 106 Ariz. at 355, 476 P.2d at 518. Thus, it is necessary to look to the companion case

*State v. Verrue,* 106 Ariz. 325, 475 P.2d 939 (1970), to determine exactly what the court had to say with respect to the issue of possession.

The facts underlying *Verrue* and *Saiz* were that police officers had gone to the home of Verrue to serve a search warrant and discovered five individuals either seated or rising from a kitchen table, whereupon various items of narcotics paraphernalia were found. These items included a syringe full of brown liquid, a burnt spoon and an eyedropper on the kitchen table. Another syringe and needle were found under the table, as well as two rubber prophylactics containing white powder, all of which were observed to have been in close proximity to the defendant, Verrue. In addition, a search of Verrue disclosed 26 tinfoil packets of heroin which were introduced at the joint trial of all five persons arrested at Verrue's home. 106 Ariz. at 326, 475 P.2d at 940.

Verrue argued that there had been a misjoinder of defendants by reason of the admission into evidence of the packets of narcotics found in his pocket. 106 Ariz. at 328, 475 P.2d at 942. He argued that he had, in effect, been charged with two acts of possession. The court, however, noted that he and his four companions, including Saiz, had all been charged with the single act of possession of a narcotic drug. The court further noted that no evidence was presented which would have given rise to a belief that the narcotic drug found in Verrue's pocket was separate and unrelated to the narcotic in use at the time of arrest. The court held the evidence of the 26 tinfoil packets admissible under the complete story principle to show identity, intent, motive and common scheme. It held that since the defendants were all charged with the same offense, it was provable by the same evidence and there had been no misjoinder of defendants.

Finally, in *Verrue* the defendant argued that the state failed to establish the elements of constructive possession of the narcotic in that dominion and control had not been proven. The court correctly noted that this was not a case of "constructive possession." The court went on to observe:

> In the instant case the officers found all five occupants at the table in the same kitchen and all exhibits exposed on or near the table, except for the packets in defendant's pocket. The evidence was sufficient to submit the question of knowledge, dominion and control to the jury. Some of the jurors apparently believed that two of the co-defendants were merely present or that some element of the crime was missing as to such co-defendants and failed to arrive at a verdict causing a mistrial as to such co-defendants. 106 Ariz. at 329, 475 P.2d at 943.

A review of the factual basis in *Verrue* and *Saiz* clearly distinguish them from the instant case. In *Verrue,* it was the defendant's home that was searched, 26 packets of heroin were found in his pocket, and he was in close proximity to the narcotics paraphernalia on the table. In *Saiz,* it appeared that when the officers entered the home Saiz fled through the back door and fresh needle marks were found on his arm. Thus, in both cases there was additional factual data from which inferences could be drawn that each defendant had knowledge that a narcotic drug was present and had exercised dominion and control over the substance.

In our opinion *Verrue* and *Saiz* do not spell out the distinction between the concepts of "actual" possession and "constructive" possession. This distinction is important when it is realized that "actual" possession may occur where the contraband is not found on the person of the accused, as was pointed out in *Carroll v. State,* 90 Ariz. at 413, 368 P.2d at 650 (1962):

> It [constructive possession] generally is applied to those circumstances where the drug is not found on the person of the defendant *nor in his presence* but is found in a place under his immediate and exclusive control. (Citations omitted) (Emphasis added)

*Carroll* points out that in order for "in his presence" to constitute actual possession there must be a direct evidentiary link be-

tween the contraband and the defendant, such as "direct testimony that he placed an object within the place where the narcotic was found, or direct testimony that the accused was seen to throw an object from a car window, or away from him, and the object identified as a narcotic was immediately secured by the arresting officers." 90 Ariz. at 413, 368 P.2d at 650.

In *Saiz* there was a direct evidentiary link between the hypodermic needle containing heroin found on the table in "Saiz's presence" and Saiz's fresh arm punctures.

While a reading of *Verrue* would appear to lend some credence to the State's argument that where narcotics are found in plain view and in close proximity that there is sufficient evidence to take the issue of possession to the jury, it is not clear in *Verrue* what evidence existed linking the defendants in that case directly or through dominion and control to the narcotics.

■ It would therefore appear that in order to convict a person of possession of a narcotic there must be evidence either directly linking him to the contraband or evidence that he exercised dominion and control over the substance or the place where the narcotic was found. In our opinion it is immaterial whether such evidence results in a finding of "actual" or "constructive" possession.

■ We note that there was no evidence offered by the State directly linking the marijuana to appellant, such as appellant's physical condition, i. e., whether there were some physical manifestations indicating she might be under the influence of a narcotic drug, or that they detected the odor of marijuana on her breath, hands, etc. Neither of the officers testified as to whether they talked to appellant and whether she was able to carry on a coherent conversation with them. There was nothing to indicate whether there was any marijuana found upon her person, under her fingernails, or on her clothing. There was no evidence introduced which showed, or tended to show, that appellant exercised any dominion or control over the residence itself. In short, the only evidence is that appellant was present at a place where marijuana was in plain view.

On the basis of the record presented in this case, we hold that the verdict of the jury was supported by nothing more than pure speculation and conjecture. The evidence was insufficient to take the case to the jury and a judgment of acquittal should have been granted.

The judgment and sentence are reversed.

JACOBSON, P. J., and HAIRE, J., concur.