NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TELL JONAS WAGNER, *Appellant.*

No. 1 CA-CR 14-0575
FILED 3-8-2016

Appeal from the Superior Court in Yuma County
No.  S1400CR201300767
The Honorable Maria Elena Cruz, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Diane L. Hunt
*Counsel for Appellee*

Yuma County Public Defender's Office, Yuma
By Edward F. McGee
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Lawrence F. Winthrop joined.

---

**T H O M P S O N**, Judge

¶1        Tell Jonas Wagner (defendant) appeals from his convictions and sentences for one count of possession of dangerous drugs for sale (methamphetamine), five counts of misconduct involving weapons, and one count of possession of drug paraphernalia.   For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        Defendant and R.Y. checked into a hotel room around 9:00 p.m. and paid for a one-night stay.  At approximately 1:00 the following afternoon, one hour after check-out time, a hotel employee opened the locked door of the room to ascertain whether defendant and R.Y. had left without checking out.  Not seeing anyone in the room, the employee entered and observed "a lot of stuff" including two methamphetamine pipes, a bulletproof vest, and a torch lighter.  The employee reported the discovery and the police were called.

¶3        Responding officers knocked on the room's door multiple times and heard "a lot of movement" and "shuffling" sounds inside. Defendant eventually answered the door, and police asked if they could enter.   Defendant declined the request, but hotel staff allowed the officers to enter because, as staff explained, guests are not normally allowed to stay past the check-out time, and if they do so without paying, staff considers the room "then belong[s] to [the hotel] again[". Upon entering, the officers observed clothes, luggage and "other various items" strewn about the room.  The officers also observed in plain sight a bag of marijuana, ten tactical vests, a butane lighter, and methamphetamine pipes.  The officers arrested defendant and R.Y. before obtaining a warrant to search the room and its contents.

¶4        During the search, officers discovered glass pipes used for smoking methamphetamine, numerous knives, cell phones, ammunition, an assortment of jewelry and watches, a video camera facing out a back

window, thumb drives, a stun gun, old coins, CB radios, pepper spray, a computer hard drive and keyboard, multiple computers, a digital scale, a syringe, multiple pairs of sunglasses, electronic brass knuckles, and packages containing a total of 23.37 grams of methamphetamine. Police also located at least seven handguns in the room.[1] During his interview with a detective, defendant admitted he had a prior felony conviction and was prohibited from lawfully possessing firearms.

¶5        The state charged defendant with one count of possessing a dangerous drug for sale (methamphetamine), a class 2 felony (count 1); five counts of misconduct involving weapons, a class 4 felony (counts 2-6); and one count of possessing drug paraphernalia, a class 6 felony (count 7). Defendant challenged the charges at trial by arguing he was merely present in the hotel room.

¶6        The jury found defendant guilty as charged, and defendant unsuccessfully moved for a new trial, arguing, among other things, that the court erred in overruling his objection to the officers' testimony regarding his refusal to consent to a search of the hotel room. The trial court sentenced defendant to concurrent aggravated prison terms, and defendant timely appealed his convictions and sentences. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1) (2003), 13-4031, -4033(A) (2010).

## DISCUSSION

¶7        Defendant raises three issues on appeal: 1) whether the trial court erred in permitting the responding officers to testify that defendant refused to consent to a search of the room; 2) whether the indictment's incorrect identification of the weapon in count 3 resulted in insufficient evidence supporting the conviction on that count; and 3) whether count 4 is duplicitous.

---

[1]        The state's expert witness testified that many methamphetamine users will not use cash to purchase the drug; instead, they will barter personal items such as cell phones and firearms.

### A.     Comment on Refusal to Consent to Search

**¶8**          As he did in his motion for new trial, defendant contends the court erred in allowing testimony regarding his refusal to consent to officers' request to enter the hotel room.  We find no error.[2]

**¶9**          To convict defendant of the charged offenses, the state was required to prove defendant exercised dominion and control over the drugs, firearms, and paraphernalia found in the hotel room.  *See State v. Villavicencio*, 108 Ariz. 518, 520, 502 P.2d 1337, 1339 (1972) ("Constructive possession is generally applied to those circumstances where the [illicit item] is not found on the person of the defendant nor in his presence, but is found in a place under his dominion and control and under circumstances from which it can be reasonably inferred that the defendant had actual knowledge of the existence of the narcotics."); *State v. Riley,* 12 Ariz. App. 336, 337, 470 P.2d 484, 485 (1970) (noting "possession" may be either actual, meaning physical custody of the item, or constructive, meaning dominion and control of the item).

**¶10**          Although the state may not comment on a defendant's refusal to consent to a search as substantively evidencing guilt, *State v. Palenkas*, 188 Ariz. 201, 212, 933 P.2d 1269, 1280 (App. 1996), *as amended* (Dec. 19, 1996), when a defendant charged with unlawful possession of items found in a residence raises a "mere presence" defense, the state is permitted to present evidence that the defendant refused to consent to a search of the premises. *State v. Stevens*, 228 Ariz. 411, 417, ¶ 15, n. 7, 267 P.3d 1203, 1209 (App. 2012). Such evidence, as the state argued at trial, is relevant to establish defendant's dominion and control over the room, as opposed to his merely being a temporary guest.[3] *See United States v. Dozal*, 173 F.3d 787, 794 (10th Cir. 1999) (defendant's decision about whether to allow search of property constitutes evidence of dominion and control).  Because defendant raised a "mere presence" defense, the trial court did not err in permitting the officers

---

[2]     The parties disagree as to the applicable standard of review. Regardless of the proper standard, we must first find error.  Because we find none, we need not decide whether we review for abuse of discretion or fundamental error.  *See State v. Lavers*, 168 Ariz. 376, 385, 814 P.2d 333, 342, (1991) ("Before we may engage in a fundamental error analysis, however, we must first find that the trial court committed some error.").

[3]     We thus reject defendant's contention that error occurred as a result of the state making this argument to the jury.

to testify that defendant refused to consent to a search of the room. Accordingly, the court did not err in denying defendant's motion for new trial on this basis.

### B.      Count 3:  Sufficiency of Evidence

¶11      The state entered into evidence seven handguns to support the five charges of misconduct involving weapons.  Counts 2 and 3 are the only charges that relate to handguns manufactured by Phoenix Arms.   At trial, the only weapon entered into evidence that was manufactured by Phoenix Arms is a .22 caliber LR pistol, which matches the description in count 2 of the indictment.  Based on the absence of a second Phoenix Arms handgun that matched the indictment's description of the weapon in count 3, Defendant contends insufficient evidence supports his conviction on that count.  We disagree.

¶12      In count 3, the state charged defendant with unlawfully possessing a firearm described in the indictment as a "PHOENIX ARMS .22 MAGNUM."  At trial, the state introduced into evidence exhibit 7, which is a North American Arms .22 magnum revolver.   Pursuant to Arizona Rule of Criminal Procedure, 13.5(b), the technical defect in the indictment's description of the weapon's manufacturer in count 3 was deemed amended to conform to this evidence.  *See* Ariz. R. Crim. P. 13.5(b) ("[A] charge [in the indictment] may be amended only to correct mistakes of fact or remedy formal or technical defects, unless the defendant consents to the amendment. The charging document shall be deemed amended to conform to the evidence adduced at any court proceeding.").  Defendant does not argue that such an amendment changed the nature of the charged offense, nor does he argue the amendment prejudiced him.  *See State v. Fimbres*, 222 Ariz. 293, 303, ¶ 38, 213 P.3d 1020, 1030 (App. 2009) (amendment to indictment is permissible if it does not change the nature of the offense or create prejudice).  Exhibit 7 supports defendant's conviction on count 3; thus, his claim of insufficient evidence fails.

### C.      Duplicitous Charges

¶13      Count 4 charged defendant with unlawfully possessing a "NORTH AMERICAN ARMS .22 MAGNUM." At trial, the state introduced into evidence exhibits 3 and 7, which are two almost identical .22 magnum handguns manufactured by North American Arms. Defendant argues the introduction of these firearms rendered count 4 duplicitous.

¶14        We reject this argument.  As we have concluded, exhibit 7 pertains to count 3.  Because exhibit 3 relates to count 4, each exhibit independently forms the factual basis for a separately charged offense, and each count refers to a separate criminal act.  Consequently, count 4 is not a duplicitous charge.  *See State v. Klokic*, 219 Ariz. 241, 244, ¶ 12, 196 P.3d 844, 847 (App. 2008) (stating, "[w]hen the text of an indictment refers only to one criminal act, but multiple alleged criminal acts are introduced to prove the charge, our supreme court has sometimes referred to this problem in shorthand as a duplicitous charge rather than a duplicitous indictment.  It has further noted, however, that such a flaw potentially presents the same problems as a duplicitous indictment.").

## CONCLUSION

¶15        Because we find no error, we affirm defendant's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: ama