NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHARLES RAYMOND JOHNSON, *Appellant.*

No. 1 CA-CR 17-0151
FILED 5-24-2018

Appeal from the Superior Court in Maricopa County
No. CR2016-100680-001
The Honorable Jay R. Adleman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Randall M. Howe and Judge Maria Elena Cruz joined.

---

**S W A N N**, Judge:

¶1 This is an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), from Charles Raymond Johnson's conviction for possession or use of marijuana and possession of drug paraphernalia. Neither Johnson nor his counsel identify any issues on appeal. We have reviewed the record for fundamental error and we find none. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). We therefore affirm.

¶2 Johnson was charged with possession or use of marijuana and possession of drug paraphernalia, both class six felonies. Johnson entered a plea of not guilty. The state filed a motion to amend the counts to class one misdemeanors in accordance with A.R.S. § 13-604(B)(1), which the court granted. The matter proceeded to a bench trial.

¶3 The state presented the following evidence at trial. On December 1, 2015, Officer Brandon Monnens went to Johnson's residence to execute an outstanding arrest warrant. Once at the location, officers knocked on the door. Johnson answered, and was placed under arrest. Officers then permitted Johnson to retrieve some clothes. Upon following Johnson into his home, Officer Monnens observed "in plain view" a mason jar with a "green, leafy substance" that he believed was marijuana, and a "multicolored glass pipe that is very commonly used to smoke marijuana." The glass pipe was inside of a pill bottle bearing Johnson's name. Officer Monnens seized and impounded the items.

¶4 Johnson admitted to officers that the marijuana was his, and he stated that he had a medical marijuana card. Johnson was unable to provide the card to officers. Instead, Johnson showed officers an "application signed by a doctor" qualifying him to receive the card. Officer Monnens read Johnson his *Miranda*[1] rights, and charged him with possession or use of marijuana and drug paraphernalia. Officer Monnens

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

also testified that when he was leaving with Johnson, Johnson's girlfriend said that the pipe belonged to her. Ashleigh Vincent, a forensic scientist, tested the green leafy substance and found that it was marijuana.

¶5        Johnson moved under Ariz. R. Crim. P. 20 for a judgment of acquittal, which the court denied. Johnson testified that he did not have a valid medical marijuana card at the time of the arrest and that when the card arrived in the mail, it was effective as of December 7, 2015 — six days after the date of arrest. He also argued that the Arizona Medical Marijuana Act ("AMMA") is ambiguous and that he should be granted immunity from prosecution. The court disagreed, reasoning that under the AMMA, marijuana cannot lawfully be dispensed to an individual unless he has a valid card in his possession.

¶6        The court found Johnson guilty of misdemeanor possession or use of marijuana and drug paraphernalia, and imposed six months of unsupervised probation. Johnson appeals.

¶7        We find no fundamental error. Johnson was present and represented at all critical stages. He was properly afforded a bench trial. *See Derendal v. Griffith*, 209 Ariz. 416, 425, ¶ 37 (2005); A.R.S. §§ 13-3405(A), -3415(A), -604(B)(1), -707(A)(1). And the evidence was sufficient to support his convictions. A person illegally possesses marijuana under A.R.S. § 13-3405(A) if he or she knowingly "possess[es] . . . marijuana." The crime of possession requires "either actual physical possession or constructive possession." *State v. Curtis*, 114 Ariz. 527, 528 (App. 1997).

¶8        The AMMA affords qualified immunity for the possession of marijuana under A.R.S. § 36-2811(B), which protects "registered qualifying patient[s]" under certain circumstances. A "qualifying patient" is one who "has been diagnosed by a physician as having a debilitating medical condition." A.R.S. § 36-2801(13). The AMMA provides a presumption that a qualifying patient is engaged in medical use of marijuana only if he or she "[i]s in possession of a registry identification card." A.R.S. § 36-2811(A)(1)(a). Additionally, a person is guilty of possessing drug paraphernalia under A.R.S. § 13-3415(A) if he or she "possess[es] with intent to use, drug paraphernalia to . . . inhale or otherwise introduce into the human body a drug in violation of [Chapter 34 of Title 13]." "In determining whether an object is drug paraphernalia, a court . . . shall consider" factors including the proximity of the object to drugs and descriptive materials accompanying the object which explain or depict its use. A.R.S. § 13-3415(E)(4), (8).

¶9 The state presented substantial evidence that Johnson knowingly possessed marijuana and that he did not have a valid medical marijuana card at the time. The marijuana was found in Johnson's home and he stated that it belonged to him. Johnson's letter from his doctor and the mailed medical marijuana card designating him as a qualifying patient were insufficient to provide a presumption that his possession of marijuana was legal. Even if Johnson possessed a medical marijuana card at the time of the arrest, the card would have been ineffective to show legal use because of its effective date. And while Johnson's girlfriend claimed ownership of the pipe, the other evidence was sufficient to warrant a different conclusion. Officers found the pipe in a pill bottle inscribed with Johnson's name alongside a jar containing marijuana.

¶10 We affirm Johnson's convictions. We also affirm the probation term, which was proper under A.R.S. §§ 13-901.01(A), -902(A)(5). Defense counsel's obligations pertaining to this appeal have come to an end. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Unless, upon review, counsel discovers an issue appropriate for petition for review to the Arizona Supreme Court, counsel must only inform Johnson of the status of this appeal and his future options. *Id.* Johnson has 30 days from the date of this decision to file a petition for review *in propria persona*. *See* Ariz. R. Crim. P. 31.21(b)(2)(A). Upon the court's own motion, Johnson has 30 days from the date of this decision in which to file a motion for reconsideration.

