466 P.2d 787

The STATE of Arizona, Appellee,

v.

Raymond Thomas PARUSZEWSKI, Appellant.

No. 2 CA–CR 194.

Court of Appeals of Arizona, Division 2.

March 23, 1970.

Rehearing Denied April 30, 1970.

Review Denied June 2, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Miller & Haggerty, by Philip M. Haggerty, Phoenix, for appellant.

KRUCKER, Judge.

Defendant-appellant, Raymond T. Paruszewski, was informed against for three counts: (1) taking prohibited articles, to wit, brass knuckles, into a prison, A.R.S. § 31–230; (2) taking marijuana into prison; and (3) illegal possession of marijuana, A.R.S. § 36–1002.05. The jury found defendant guilty on all three counts and judgment was so entered. Defendant appeals from this judgment and sentence so entered.

Construing the facts in a light most favorable to sustaining the judgment, they are as follows. Defendant, at the time of his arrest, was a guard at the Arizona State Prison. He had reported to work and was on duty when he was ordered to report to the "gate office." He conversed with his superior who asked if he would consent to a body search. He said no and then was told it was a fairly regular procedure. He was asked if he carried any contraband. After some more interchange, defendant produced a pair of brass knuckles from his trousers. The other guards still continued to insist he reveal any contraband until finally he produced a Marlboro cigarette package, which subsequently proved to contain marijuana. Following this, some conversation took place and the defendant was officially placed under arrest. He was then read his *Miranda* rights for the first time.

Prior to trial, defendant moved to suppress the evidence because the search and seizure was illegal and because the *Miranda* rights were not given earlier. The trial court apparently believed the search and seizure would have been illegal except that defendant, by taking employment as a prison guard, consented to such searches.

On appeal the defendant made the following allegations of error:

(1) Can the court find waiver of defendant's Fourth Amendment Rights in the fact of his employment?

(2) On the charges of bringing the items into the prison, the jury should have been instructed that when evidence is wholly circumstantial they must exclude every other hypothesis before finding guilt.

(3) The court failed to prove marijuana is a "narcotic" under A.R.S. § 31–320.

(4) It is error to not dismiss the charge of bringing in marijuana because it did not fit the statutory prohibition as a "narcotic".

We believe allegation number two requires a reversal of the conviction under counts one and two. Defendant contends

that the two counts of violating A.R.S. § 31–230 as to taking weapons and marijuana into prison were not proved. Specifically. he contends that there was no direct evidence that defendant had taken the items into the prison. The only evidence was. that which could be inferred from the possession of the items, and it was circumstantial only. Consequently, concludes defendant, there should have been an instruction that if the evidence is entirely circumstantial, the jury must exclude every other reasonable hypothesis except that of guilt.

■ We must agree with the defendant's contentions. The statute creating the crime in question, A.R.S. § 31–230, is as follows:

"A person not authorized by law who takes into a prison, or the grounds belonging or adjacent thereto, any opium, morphine, cocaine or other narcotic, or intoxicating liquor of any kind, or firearms, weapons or explosives of any kind, is guilty of a felony."

In the instant case there was indeed no direct evidence that defendant had taken the items into the prison. The only direct evidence was that he had possession of the items within the prison. Counsel for the State appears to concede that the gravamen of the crime here was circumstantially based and that the usual role in such a case in Arizona under State v. Tigue, 95 Ariz. 45, 386 P.2d 402 (1963) is that the court must, on its own initiative, if necessary, see that the circumstantial instruction is given. To fail to do so is reversible error. The State's brief, however, impliedly rejects the rule and seeks to change it. It suggests that since numerous cases affirm that the quality of circumstantial evidence is as good as direct evidence, there should not be an instruction which sets a somewhat lower and different standard, when a case is entirely circumstantial. It cites legal works which tend to show that circumstantial evidence may even ultimately be

more reliable than supposedly direct eye-witness evidence. It concludes by citing some federal cases which have come to reject the said instruction.

We do not believe this court is in a position to change the rule for Arizona. Our Supreme Court has reaffirmed the essentiality of this instruction. *See,* State v. Maynard, 101 Ariz. 239, 418 P.2d 576 (1966); *Tigue,* supra; State v. Cox, 93 Ariz. 73, 378 P.2d 750 (1963). These two counts must be retired.

■ However, since the legal question of whether or not defendant is deemed to have consented to the "search" of his person is primary to the retrial, we will answer it also.

The Fourth Amendment to the United States Constitution provides:

"The rights of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated * * *."

We have found no cases specifically testing the constitutionality of searches of prison guards,[1] but are nevertheless compelled to the following conclusion.

The essential maintenance and purpose of a penitentiary is directed at achieving a level of internal physical security so as to effect its various functions. Basic to the maintenance of this physical security is the requirement that weapons and drugs be kept out. We believe this security can only be achieved by enforcing continuous checks on all persons and places within the prison walls, including employees. We therefore believe that under prison circumstances, this search was reasonable and did not violate the Constitution.

Judgment reversed on Counts One and Two and affirmed as to Count Three.

HOWARD, C. J., and HATHAWAY, J., concur.

---

[1] We note that there apparently is a Rule of the Prison, Rule 14, which states that an employee must sign a document authorizing these searches. However, it was not presented at trial so we reject it for consideration here.