William J. **STONE**, Petitioner-Appellant,

v.

Wayne K. **PATTERSON**, Warden, Colorado State Penitentiary, Respondent-Appellee.

No. 72-1247.

United States Court of Appeals, Tenth Circuit.

Oct. 24, 1972.

Thomas M. Van Cleave III, Deputy State Public Defender (Rollie R. Rogers,

Colorado State Public Defender, and William D. Neighbors, Chief Trial Deputy State Public Defender, on the brief), for petitioner-appellant.

Jack E. Hanthorn, Asst. Atty. Gen. (Duke W. Dunbar, Atty. Gen., and John P. Moore, Deputy Atty. Gen., on the brief), for respondent-appellee.

Before LEWIS, Chief Judge, and MURRAH and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The district court denied habeas corpus relief to petitioner-appellant from his state conviction on a narcotics charge. The issue pertains to the validity of the search which disclosed the narcotics.

The state trial court denied petitioner's motion to suppress the evidence and received the evidence at the trial. The jury found defendant guilty and he was sentenced to the state penitentiary. The Colorado Supreme Court affirmed. Stone v. People, Colo., 485 P.2d 495. In the habeas proceedings the respondent produced the entire state court record, including the transcripts of the suppression hearing and the trial. The parties relied on the record and produced no other evidence. The habeas court reviewed the state record, upheld the search, and dismissed the petition.

Denver police officer Mulnix had known petitioner for six or seven years, had arrested him once before, and had then seen that petitioner had needle injection marks. On August 17, an informer told Mulnix that petitioner was using heroin and was selling heroin and marijuana. Previously the informer had given Mulnix reliable and correct information on several occasions. Mulnix began a surveillance of petitioner which lasted portions of two days. The license number of the automobile driven by petitioner checked out to a vacant address. On August 19, Mulnix followed the car which petitioner was driving. About 3:55 P.M. on that day petitioner parked his car on a public street and started across the street. Mulnix told him to "hold it" and approached him for the purpose of getting the address on his driver's license. Petitioner was wearing a shortsleeve shirt, and Mulnix noticed fresh needle marks on petitioner's arm. Mulnix arrested petitioner, took him to the police car, and radioed for assistance. After another officer came, Mulnix went to the car which the petitioner had been driving and which Mulnix had under observation at all times after petitioner had left it. On the front seat Mulnix found a capsule of heroin and petitioner's wallet. The heroin was introduced in evidence at the state trial.

The threshold question pertains to the action of Mulnix in ordering petitioner to stop. Petitioner's argument is that it does not fall within the stop and frisk exception to the probable cause requirement. See Terry v. Ohio, 392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.Ed.2d 889. We have held that when an officer is engaged in a routine police investigation he may detain a person briefly in circumstances not justifying an arrest. United States v. Self, 10 Cir., 410 F.2d 984, 986. The stop was reasonable to check the driver's license. A well-founded suspicion justifies a brief detention for limited inquiry. Gaines v. Craven, 9 Cir., 448 F.2d 1236. The fact that the antecedent surveillance had disclosed no criminal activity did not dispel the suspicion derived from the tip. The informant had previously been reliable and the license plate check had been fruitless.

The actions of the officer were well within the permissible area recognized by Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612. There, an investigatory stop was made after a reliable informant had told an officer that a person seated in a particular car had narcotics and a gun in his possession. The court sustained the search and seizure. The possession of the firearm was apparently not controlling because the dissent points out that under applicable

state law a person may carry a concealed weapon as long as he has a permit. See 407 U.S. at 149–150 and 159, 92 S.Ct. 1921 (dissenting opinions). The stop of petitioner was reasonable "in light of the facts known to the officer at the time." 407 U.S. at 146, 92 S.Ct. at 1923.

After the stop, Mulnix asked petitioner for his driver's license, saw the needle marks, and then placed petitioner under arrest. We believe that Mulnix had probable cause for the arrest. The informer had told him that petitioner was selling heroin and marijuana, that he was presently using heroin, and that "he was strung out now." Mulnix had had long experience in the narcotics field and had observed needle injection marks on different people "several hundred times." He observed that the marks on petitioner's arm were fresh. The information which Mulnix had received plus his personal observation was enough to give probable cause for the arrest.

The car search occurred some ten minutes after the arrest and across the street from the point of arrest. The car had been under observation by Mulnix at all times after petitioner emerged from it. Petitioner argues that the search was not permissibly incident to the arrest because of the time and distance factors. We see no need to get into Chimel and Coolidge problems. See Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, and Coolidge v. New Hampshire, 403 U.S. 443, 91 S. Ct. 2022, 29 L.Ed.2d 564. We have held that there was probable cause for the arrest. Likewise, there was probable cause to search the car. Chambers v. Maroney, 399 U.S. 42, 47–48, 90 S.Ct. 1975, 26 L.Ed.2d 419. Chambers holds that if there is probable cause, an automobile, because of its mobility, may be searched without a warrant in circumstances that would not justify a warrantless search of a house or office. 399 U.S. at 48–51, 90 S.Ct. 1975. See also Wood v. Crouse, 10 Cir., 436 F.2d 1077, 1078.

Affirmed.