**The UNITED STATES of America,
Appellee,**

v.

**Joseph JEFFERSON, Jr., Appellant.**

**No. 73–1195.**

United States Court of Appeals,
Fourth Circuit.

Submitted May 30, 1973.

Decided June 27, 1973.

carrying a concealed weapon in a shoulder holster. Powell conveyed this information to officer Millikin of the Richmond Police Bureau and later that night the two officers, upon observing Jefferson's moving vehicle, effected a stop by use of a warning siren and flashing red lights. Millikin testified that after both the police car and Jefferson's car had come to a stop he got out of the police car and approached Jefferson's car from the left; before he reached Jefferson's car Jefferson opened the driver's door with his left hand and simultaneously with his right hand pulled a pistol from his waistline and placed it on the ash tray of the vehicle. After observing Jefferson lay the pistol on the ash tray Millikin placed Jefferson under arrest on a state charge of carrying a concealed weapon. The state charge was subsequently dismissed and this federal prosecution followed.

At the time the two officers stopped Jefferson their avowed purpose was not to make an arrest but to question him concerning the tip Powell had received. The Supreme Court recognized in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest." 392 U.S. at 22, 88 S.Ct. at 1880. See Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); Stone v. Patterson, 468 F.2d 558 (10th Cir. 1972); United States v. Brumley, 466 F.2d 911 (10th Cir. 1972); United States v. Harflinger, 436 F.2d 928 (8th Cir. 1970), cert. denied, 402 U.S. 973, 91 S.Ct. 1660, 29 L.Ed.2d 137 (1971).

The investigatory stop executed in the present case constituted a seizure of Jefferson's person, United States v. Jackson, 448 F.2d 963 (9th Cir. 1971), and to be valid must have satisfied the reasonableness requirement of the fourth amendment. Terry v. Ohio, *supra*. In *Terry* the Supreme Court enunciated a standard for evaluating the reasonable-

R. R. Ryder, Richmond, Va., on brief for appellant.

Brian P. Gettings, U. S. Atty., and Dennis Dohnal, Asst. U. S. Atty., on brief for appellee.

Before BOREMAN, Senior Circuit Judge, and WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

Joseph Jefferson, Jr., a previously convicted felon, appeals from his conviction by the court, after waiver of jury trial, of possession of a firearm which had traveled in interstate commerce, in violation of 18 U.S.C. App. § 1202(a). On appeal Jefferson contends that the district court erred in denying his motion to suppress evidence of the .32 caliber hand gun on which his conviction was based because the gun was allegedly seized in violation of his fourth amendment rights. We find this contention without merit and affirm the conviction.

At the October 30, 1972 hearing on Jefferson's motion to suppress, officer Powell of the Henrico County Police Department testified that at approximately 11:00 p. m. on August 14, 1972, he was told by a person, previously found to be a reliable informant, that Jefferson was

ness of a police officer's action in effecting a personal seizure which falls short of an arrest, that is, "[W]ould the facts available to the officer at the moment of the seizure . . . 'warrant a man of reasonable caution in the belief' that the action taken was appropriate?" 392 U.S. at 21–22, 88 S.Ct. at 1880.

■ Applying this standard in the present case we conclude that the information supplied by an informant whose tips had been found by Powell to have been reliable in previous cases was sufficient to justify the officers' subsequent investigatory stop of Jefferson's vehicle.

Having first concluded that the stopping of Jefferson's car was lawful, we hold that officer Millikin's observation, from outside of Jefferson's car, of Jefferson removing a pistol from his person and placing it in the ash tray justified seizure of the gun under the plain view doctrine, since the object was in the plain view of Millikin who was rightfully in position to have that view. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); United States v. Gulledge, 469 F.2d 713 (5th Cir. 1972). Therefore, the motion to suppress was properly denied and the admission of the gun into evidence was not error.

The contention raised by appellant has been considered in remarkably similar cases in the Fifth, Seventh, Eighth and Ninth Circuits. United States v. Bright, 471 F.2d 723 (5th Cir. 1973); United States v. Weatherford, 471 F.2d 47 (7th Cir. 1972); Orricer v. Erickson, 471 F.2d 1204 (8th Cir. 1973); United States v. Diamond, 471 F.2d 771 (9th Cir. 1973). The disposition of this case is in accord with the decisions in those cases.

Accordingly, we dispense with oral argument and affirm the judgment of conviction.

Affirmed.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.