**Joseph Dyre MORSE, Plaintiff-Appellant,**

v.

**Alex WILSON, Warden, Colorado State Penitentiary, Defendant-Appellee.**

**No. 73–1389.**

United States Court of Appeals, Tenth Circuit.

Argued July 8, 1974.

Decided July 29, 1974.

Rehearing Denied Aug. 22, 1974.

Robert L. Pitler, Denver, Colo., for plaintiff-appellant.

E. Ronald Beeks, Asst. Atty. Gen. (John P. Moore, Atty. Gen., and John E. Bush, Deputy Atty. Gen., on the brief), for defendant-appellee.

Before LEWIS, Chief Judge, and MOORE* and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

The judgment which the appellant here seeks to reverse is that of a denial of his petition filed pursuant to 28 U.S.C. § 2254, wherein he prayed for the issuance of a writ of habeas corpus releasing him from confinement in the Colorado State Penitentiary. This petition was filed January 29, 1973 and the trial

---

* Honorable Leonard P. Moore, Senior Judge, United States Court of Appeals, Second Circuit, New York, New York, sitting by designation.

court rendered its opinion denying it on June 1, 1973.

Defendant was convicted in State District Court on a charge that he murdered one Elaura Jeanne Jaquette on July 9, 1966. The Supreme Court of Colorado affirmed the conviction on March 24, 1969. *See* 168 Colo. 494, 452 P.2d 3. After that, a Rule 35(b) case was filed in State District Court which raised points and contentions which had not been brought to the attention of the Colorado court on the writ of error. The trial court fully considered these additional contentions and denied relief. Again, the Colorado Supreme Court affirmed this decision in Morse v. People, 501 P.2d 1328 (1972). Soon thereafter, the § 2254 petition was filed in the District Court for the District of Colorado, and we now review the judgment rendered in that proceeding.[1]

On the original appeal the Colorado Supreme Court refused to consider the two issues mentioned above because of failure to raise them in the trial court. The inadequate record also precluded the requested review. The contentions were considered in a subsequent review and were determined to be wholly lacking in merit.

The main contentions are, first, that the appellant's constitutional rights were violated as a result of the admission at the trial of depositions of his daughters which contained evidence which strongly inculpated him. In this connection, a related argument is that his right to confront witnesses as guaranteed by the Sixth Amendment to the Constitution of the United States was violated.

Second, that at the original trial appellant's right to be represented by counsel was violated in that the counsel assigned to him were ineffective.

Still a further point is that appellant's rights under the Fifth and Fourteenth Amendments were violated because, according to the argument of the present counsel, he was not given adequate *Miranda* warnings.

In the second opinion of the Supreme Court of Colorado and that of the United States District Court as well, the issues which are now raised were fully explored and tested. Furthermore, a careful consideration of the record in the District Court fails to show any meritorious basis for the granting of relief.

We shall nevertheless comment briefly on the points advanced.

The argument and contention concerning the alleged prejudice arising from the use of the depositions of defendant's minor daughters stem from the provision of the Colorado Constitution, Article II § 17, which contains a prohibition against the use of depositions if the presence of witnesses can be obtained.[2] Such an issue is not here appropriate, however, unless it contravenes the Constitution of the United States.

▮▮ Our inquiry is, of course, limited to whether appellant's federally protected rights were violated and with particular reference to appellant's rights granted by the Fourteenth Amendment, for obviously the state court's decision

---

1. It is unnecessary and not desirable to relate the background facts which were adduced at trial.

2. This section provides as follows:
    No person shall be imprisoned for the purpose of securing his testimony in any case longer than may be necessary in order to take his deposition. If he can give security he shall be discharged; if he cannot give security his deposition shall be taken by some judge of the supreme, district or county court, at the earliest time he can attend, at some convenient place by him appointed for that purpose, of which time and place the accused and the attorney prosecuting for the people shall have reasonable notice. The accused shall have the right to appear in person and by counsel. If he have no counsel, the judge shall assign him one in his behalf only. On the completion of such examination the witness shall be discharged on his own recognizance, entered into before said judge, but such deposition shall not be used if in the opinion of the court the personal attendance of the witness might be procured by the prosecution, or is procured by the accused. No exception shall be taken to such deposition as to matters of form.

construing and applying its Constitution cannot be reviewed for the purpose of determining whether it is erroneous. However, the defendant is not precluded from arguing that there has been a violation of his constitutional rights, even though the basic violation relied on is Article II § 17 of the Colorado Constitution, *supra,* and there is no problem here of failure to exhaust state remedies nor intentional bypass thereof. *Cf.* Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963). *See also* Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965).

It is to be noted that the deponents were minors, one being 12 years old and the other 17. At the 35(b) motion hearing the judge found that there was ample opportunity for the defendant through his counsel to object to the introduction of these depositions but he did not do so. The judge also called attention to the fact that the testimony given was highly prejudicial to the defendant. He summarizes it as follows:

> That the testimony contained in the depositions, in summary, is that on the day of the murder, the defendant arrived home late in the afternoon; that he was wearing clothes which were ill-fitting; that he had his clothes in a bucket in which some fluid was contained; that he was bare footed; that his shoes were muddy and matted with what appeared to be blood; that he requested his daughter to wash his clothes for him and clean and shine his shoes, which she did; and that he later put the clothes he had worn home into the incinerator and burned them.

The trial court in the Rule 35(b) hearings also took notice of the fact that there was evidence at the trial of concern for the juvenile witnesses on the part of the judge and the attorneys on both sides because of the trauma to both the defendant-father and the daughters which would flow from the reading of these depositions. The court made the obvious observation that there would have been additional trauma had the testimony been presented live. The opinion of Mr. Justice Erickson, in reviewing the 35(b) motion wherein he wrote that the deposition route was taken as a matter of strategy, was fully supported.

In view of these facts, we are unable to perceive federal constitutional basis.

■■ It is argued that the right granted by the Colorado constitutional provision is absolute and not subject to waiver. We disagree. The clause of Article II § 17 dealing with the use of a deposition is an incidental provision. The main thrust of the section is prevention of imprisonment of a witness who cannot give bond or security for his or her appearance and thus the clause limits use of the testimony of an itinerant witness. This very clause allows the defendant to secure the presence of the witness if he wishes. Reading the provision in its entirety and considering its object and purpose, we are convinced that there could be a waiver and that indeed there was.

■ Nor is there any merit to the contention that the defendant's right to confront the witnesses was infringed. The object of the confrontation provision of the Sixth Amendment is to insure the right of examination and cross-examination. An early decision mentioned that its object was prevention of "depositions or *ex parte* affidavits . . . being used against the prisoner in lieu of a personal examination and cross-examination of the witness, in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief." Mattox v. United States, 156 U.S. 237, 242–243, 15 S.Ct. 337, 339, 39 L.Ed. 409 (1895). The Supreme Court has also held, however, that the right may be waived, but it must be uncoerced waiver. *See* Brookhart v. Janis, 384 U.S. 1, 86 S.Ct. 1245, 16 L. Ed.2d 314 (1966).

The case most often cited in support of exclusion of the testimony is Pointer v. Texas, 380 U.S. 400, 406–407, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). The complaining witness in that case had testified at a preliminary hearing at which defendant was not represented by counsel and had not cross-examined. By the time of trial, the witness had left the state and no effort had been made to secure his presence. *See also* Barber v. Page, 390 U.S. 719, 725, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968) in which the preliminary hearing testimony of a witness who was in a federal prison was offered; the Supreme Court held that such testimony could not be used because the witness was not unavailable. *See also* Mancusi v. Stubbs, 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972). *But see* Dutton v. Evans, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970) and California v. Green, 399 U.S. 149, 155–156, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970), wherein prior hearsay statements of a witness were ruled admissible, notwithstanding that he claimed at the trial that because he was under the influence of LSD at the time of the occurrence he could neither deny nor affirm the truth of the prior statements which were offered and received; the witness was present at trial and was subject to cross-examination.

One of the other statements in California v. Green consisted of testimony at a preliminary hearing given by the same witness. This was held admissible because the defendant had been present with counsel at the preliminary hearing and had been subjected to cross-examination. The first statement had been made to policemen during interrogation. The Court reasoned as to both that the declarant had been present at the trial and could have been cross-examined then.

The *Green* and *Dutton* cases thus take a less restrictive view of acceptance of prior testimony or statements. The Court in these cases does not require actual confrontation. The question in these cases is rather whether the trier of fact has a basis for evaluating the truth of the statements and the further inquiry whether cross-examination could undermine the statement.[3]

The depositions in question were taken with the consent of the defendant and his counsel, and the witnesses were subjected to cross-examination. Further, it was open to counsel (for the defendant) to consider it advantageous to take the depositions rather than to have the witnesses in court.

Judged by either the older cases or the more recent decisions in *Green* and *Dutton,* we see no semblance of a question of violation of the confrontation clause of the Sixth Amendment (Fourteenth).

A final contention of appellant that his rights were violated in connection with the obtaining of post arrest statements is also without merit. He, of course, contends that he was not given adequate warning. However, the record belies this. As the Supreme Court of Colorado noted in the first review, following the defendant's arrest the first thing that the officers did was to read and explain the so-called advisement form, which form was signed by the defendant. The Court further noted that the appellant was readvised on several occasions and signed one or two of the so-called advisement forms. Soon after his arrest he was taken before the municipal judge at Boulder and was again advised of his constitutional rights and of his right to counsel. In the light of this, it is impossible to hold that the defendant's constitutional rights were violated.

There is no merit in any of the petitioner's contentions. Hence, the judgment of the District Court should be and the same is hereby affirmed.

3. In our case the cross-examination issue is not present.