UNITED STATES of America,
Plaintiff,

v.

Terry Lee KELLEY, Defendant.

No. 75-80.

United States District Court,
W. D. Oklahoma,
Criminal Division.

April 18, 1975.

William R. Burkett, Oklahoma City, Okl., for plaintiff.

Frank B. Kirk, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

Defendant Terry Lee Kelley stands charged by Indictment with the introduction of marijuana into the Federal Reformatory at El Reno, Oklahoma, Oklahoma (Reformatory), in violation of 18 U.S.C. § 1791 and 28 CFR § 6.1. The Defendant has filed herein a Motion to Suppress seeking the exclusion of certain evidence obtained from him by Special Agents of the Federal Bureau of Investigation prior to his arrest. The subject evidence consists of two packages of marijuana which were taken from the lunch box of the Defendant at the Reformatory on the night of February 19,

**756**

1975. Defendant contends that this evidence was obtained through a search which violated his Fourth, Fifth and Fourteenth Amendment rights. An evidentiary hearing on Defendant's Motion has been conducted and the following relevant facts have been developed:

At all times involved herein the Defendant was employed as a guard at the Reformatory. On three occasions beginning in December 1974 and continuing up until February 1975, officials at the Reformatory received information from reliable confidential informants that the Defendant was bringing contraband in the form of marijuana into the Reformatory. On February 19, 1975 Reformatory officials received a tip that Defendant would be bringing marijuana into the Reformatory in his lunch box when he reported for work that night. This was the fourth tip the officials had received concerning Defendant's activities. When Defendant came to work on that night he was met at the gates of the Administration Building after he had entered the Reformatory by Lieutenant Johnson, a Reformatory officer. He was asked to go to the office of the Associate Warden by Johnson. He did so and in the office he was met by two Special Agents of the Federal Bureau of Investigation. These Agents informed Defendant that they had reason to believe he was carrying marijuana into the prison in his lunch box and that they desired to search his lunch box. The Agents informed Defendant of his Constitutional rights and gave him a form which listed these rights. Defendant was then asked to open his lunch box. He asked if he was required to do so. The lieutenant advised him to cooperate. Defendant opened his lunch box after some slight hesitation. Two packages in papers bags were found in the bottom of the lunch box. These were opened and a green leafy substance was found in each. This substance was later analyzed and determined to be marijuana.

Defendant contends that the marijuana so found should be excluded from evidence in this case as the search which lead to its discovery was made in violation of his Fourth, Fifth and Fourteenth Amendment rights to the Constitution of the United States. It is Defendant's position that this search was illegal in that it was made without the authorization of a search warrant; was not made as incident to a lawful arrest; and was not made with the free, knowing and valid consent of the Defendant. The Motion is opposed by the Plaintiff. It is Plaintiff's position that Defendant was not protected by the Fourth, Fifth and Fourteenth Amendments in this situation; that Defendant impliedly consented to be searched and that Defendant expressly consented to be searched.

■ The Fourth Amendment to the Constitution of the United States reads in part as follows:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . ."

Under the wording of this Amendment the protection against unreasonable searches and seizures has traditionally been applied to designated areas. See e.g., Lanza v. New York, 370 U.S. 139, 8 L.Ed.2d 384, 82 S.Ct. 1218 (1962). However, "the correct solution of Fourth Amendment problems is not necessarily promoted by the incantation of the phrase 'constitutionally protected area.'" Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). The Fourth Amendment protects people not property. Wherever an individual may harbor a reasonable expectation of privacy he is entitled to be free of unreasonable governmental intrusion. Katz v. United States, *supra*; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); United States v. Dionisio, 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973).

■ In terms of protected areas, prisons and reformatories have been

held not to be within the protection of the Fourth Amendment. Lanza v. New York, *supra*; Gettleman v. Werner, 377 F.Supp. 445 (W.D.Penn.1974); United States v. Hitchcock, 467 F.2d 1107 (Ninth Cir. 1972); Hoitt v. Vitek, 361 F.Supp. 1238 (D.N.H.1973) affirmed 495 F.2d 219; State v. Paruszewski, 11 Ariz.App. 568, 466 P.2d 787 (1970). Moreover, it cannot be said that Defendant had any reasonable expectation of privacy at any time when he was within the Reformatory. In order to enter the Reformatory Defendant had to pass two signs which warned that all persons and packages entering the prison were subject to search. Defendant has testified that he did not see these signs and was not aware of the rule. This testimony is, however, unbelieveable as both the signs had been placed in their positions for some time and before Defendant was arrested. Also, in view of the above cited decisions and under precepts of common sense, a person entering a prison or reformatory would expect that he might be searched for weapons or contraband. Thus Defendant could have no reasonable expectation of privacy while on prison or reformatory grounds and would be for that reason without the protection of the Fourth Amendment.

As Defendant was not in a situation protected by the Fourth Amendment when the challenged search took place he is not entitled to assert the necessity of a warrant, arrest, or consent. As the Fourth Amendment protections do not apply to this situation Plaintiff's assertions of express and/or implied consent need not be considered. The Court specifically finds from the evidence before it that the search here involved was a reasonable search. It was not oppressive. It does not in any way shock the conscience of the Court. Gettlemen v. Werner, *supra*. Defendant has cited numerous cases in support of his argument that either a search warrant, lawful arrest or consent were necessary to make this a search valid under the Fourteenth Amendment. His reliance

on these cases is misplaced as in each case a search was made in a situation to which the Fourth Amendment applied.

Defendant's Motion to Suppress should be overruled.