**UNITED STATES of America, Plaintiff,**

**v.**

**Billy Wayne MYERS and Joyce Ann Weeks, Defendants.**

**Cr. No. 76–273–C.**

United States District Court,
W. D. Oklahoma.

Nov. 22, 1976.

David L. Russell, U. S. Atty. by Charles Lee Waters, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

Jim Ikard, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

Defendants Joyce Ann Weeks and Billy Wayne Myers stand charged by Indictment with having wilfully and knowingly introduced into and upon the grounds of the El Reno Federal Reformatory, marihuana, in violation of Title 18, United States Code, Section 1791, and Title 18, Code of Federal Regulations, Section 6.1. The defendants have filed herein Motions to Suppress seeking the exclusion at trial of certain statements made on the 9th day of October, 1976, to Special Agent George Zeigler of the Federal Bureau of Investigation in the presence of Orvis Mowry, Investigative Of-

ficer at the El Reno Federal Reformatory and Special Agent Lillian Mikalonis of the Federal Bureau of Investigation. Defendants contend that these statements were obtained in violation of their Constitutional rights as stated in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). In addition, defendant Weeks seeks the suppression at trial of the marihuana removed from her person at the Reformatory on the 9th day of October, 1976. Defendant Weeks contends that this substance was seized as a result of an illegal search in violation of the Fourth Amendment. An evidentiary hearing on defendants' Motions was conducted on November 19, 1976, wherein the defendants appeared personally and with counsel, Jim Ikard, and the Government appeared by Charles Lee Waters, Assistant United States Attorney for the Western District of Oklahoma. During the evidentiary hearing on defendants' Motions, the following relevant facts were developed:

Orvis Mowry received on several occasions beginning in June, 1976, information from two confidential informants that the defendant, Joyce Ann Weeks, had introduced narcotics into the institution during visiting hours and had delivered the contraband to her brother, Billy Wayne Myers, an inmate at the Federal Reformatory.

Based on this information, on October 9, 1976, at approximately 9:00 A.M., during visiting hours at the Reformatory, the defendant, Joyce Ann Weeks, was detained by Special Agent George Zeigler, Special Agent Lillian Mikalonis, and Orvis Mowry for the purpose of interviewing Weeks and conducting a search of her person. Prior to the interview, Weeks was advised as to the identity of those present, the purpose of the interview, and as to her right to remain silent, to have private or court-appointed counsel and that anything said could be used against her in a court of law. The defendant Weeks stated she understood these rights and voluntarily signed a waiver of rights form.

Weeks was advised that Special Agent Lillian Mikalonis was present in order to conduct a search of her person to determine whether she had brought any narcotics or contraband into the institution. Weeks was reminded that two signs were visibly posted at the entrance to the Reformatory which state:

"It is a federal crime to bring upon these premises any weapons, ammunition, intoxicants, drugs, or contraband. All persons and packages are subject to search."

Whereupon, the defendant removed three balloons from each shoe which she stated contained marihuana. A field test conducted by Officer Mowry identified this substance as marihuana.

Weeks admitted that on several occasions during the past four or five months she had brought narcotics into the institution, but denied that the contraband was for her brother, Billy Myers. Weeks stated that she had been paid twenty dollars to bring the marihuana into the institution during a previous visit by a woman visiting another inmate. The identity of this person and inmate were refused. Weeks explained she purchased the marihuana and packaged it in balloons for introduction into the Reformatory. Weeks further stated she was to give the marihuana to this woman in the ladies restroom, who in turn would give it to the inmate she was visiting. Weeks stated that the inmate would then swallow the balloons while in the visiting room prior to re-entering the living quarters at the close of visiting hours. Special Agent Zeigler and Officer Mowry then interviewed the defendant Billy Wayne Myers on October 9, 1976, at approximately 10:45 P.M. Myers was properly advised of his rights as stated on the standard advice of rights form, the identity of the interviewing officers, and the purpose of the interview. Myers stated he understood his rights and voluntarily signed a standard waiver form. Myers stated he had arranged over the telephone through a source in Oklahoma City to have marihuana brought into the Reformatory. Myers refused to reveal the identity of this source but stated that the source delivered the marihuana to his sister's residence by

placing it in her mailbox for pick-up and delivery to him at the Reformatory. Although he stated that Weeks had no knowledge what the substance was, she had introduced marihuana into the Reformatory on four or five occasions during the past ten months.

■■■ Both defendants seek to suppress their statements on the basis that the Constitutional rights as enunciated in *Miranda* were violated. The defendants were fully advised of their rights in accordance with the procedure specified in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Furthermore, both defendants knowingly and voluntarily waived these rights when they signed the standard advice of rights form. It is well established that if the accused has signed a· waiver form, the Court will presume that the interrogating officers gave the *Miranda* warnings and that the defendant knowingly and voluntarily waives these rights. *Morse v. Wilson*, 500 F.2d 1264, 1268 (10th Cir. 1974)· *United States v. Romero*, 495 F.2d 1356, 1358 (5th Cir. 1974), cert. denied 419 U.S. 995, 95 S.Ct. 307, 42 L.Ed.2d 267. Defendants' statements to Special Agent Zeigler of the Federal Bureau of Investigation on October 9, 1976, are admissible at trial.

Defendant Weeks additionally seeks to suppress the six balloons of marihuana removed from her person. The basic thrust of the defendant's position is that the contraband was seized as the result of an illegal search in violation of the Fourth Amendment.

■■■ It is well established that the need to maintain prison security and discipline provides the basis for dispensing with the warrant and probable cause requirement when conducting a search within the confines of a penal institution. In terms of protected areas, prisons and reformatories have been held not to be within the protection of the Fourth Amendment, *Lanza v. New York*, 370 U.S. 139, 82 S.Ct. 1218, 8 L.Ed.2d 384 (1962); *Daughtery v. Harris*, 476 F.2d 292 (10th Cir. 1973); *United States v. Palmateer*, 469 F.2d 273 (9th Cir. 1972); *United States v. Hitchcock*, 467 F.2d 1107

(9th Cir. 1972), cert. denied, 410 U.S. 916, 93 S.Ct. 973, 35 L.Ed.2d 279 (1973).

As this Court previously stated in *United States v. Kelley*, 393 F.Supp. 755, 757 (1975):

> "[The] Defendant could have no reasonable expectation of privacy while on prison or reformatory grounds and would be for that reason without the protection of the Fourth Amendment . . . (W)hen the challenged search took place he is not entitled to assert the necessity of a warrant, arrest or consent."

■■ In any event, the Court further finds that there was "probable cause" for the law enforcement authorities involved in this matter to conduct a search of the defendant Weeks' person.

The marihuana seized from the defendant Weeks is admissible at trial.

The Court concludes that the defendants' Motions to Suppress should be denied.