UNITED STATES of America, Plaintiff,

v.

Michael Clay MATHEWS, Phillip Payne, Terry Ivan Berry, Herman Christopher Davies, Jr., and Alphonso Brooks, Defendants.

Cr. No. 76–272–Ck.

United States District Court, W. D. Oklahoma.

Dec. 6, 1976.

David L. Russell, U.S. Atty. by Charles Lee Waters, Asst. U.S. Atty., Oklahoma City, Okl., for plaintiff.

Andrew L. Hamilton, Oklahoma City, Okl., for defendant Mathews.

Don Hamilton, Oklahoma City, Okl., for defendant Payne.

R. Wayne Hagle, Oklahoma City, Okl., for defendant Berry.

Jack E. High, Oklahoma City, Okl., for defendant Davies.

Gary W. Sleeper, and Charles F. Alden, III, Oklahoma City, Okl., for defendant Brooks.

### ORDER

DAUGHERTY, District Judge.

Defendants Michael Clay Mathews, Terry Ivan Berry, Herman Christopher Davies, Jr., and Alphonso Brooks stand charged by Indictment with the possession of marihuana with the intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1). The defendants Mathews, Berry, Brooks and Davies have each filed a separate Motion to Suppress seeking the exclusion at trial of the marihuana seized on the 15th day of October, 1976, at Fort Sill Military Reservation from the vehicle occupied

by defendants Mathews, Berry and Brooks. The defendant Mathews further seeks the exclusion of the marihuana removed from his person. Each defendant contends this evidence was obtained as the result of an illegal warrantless search in violation of the Fourth Amendment. In addition, defendants Mathews, Brooks, and Davies seek the exclusion of certain incriminating statements made to Special Agent James Klien, Criminal Investigation Detachment, Fort Sill Military Reservation, and to Special Agent William M. Bone of the Federal Bureau of Investigation alleging they were obtained in violation of Rule 5(a), *Federal Rules of Criminal Procedure;* an unlawful vehicle search; and as the result of duress and inducement. An evidentiary hearing on defendants' Motions was conducted on the 29th and 30th days of November, 1976, wherein the defendants appeared personally and with counsel, and the Government appeared by Charles Lee Waters, Assistant United States Attorney for the Western District of Oklahoma. During the evidentiary hearing on defendants' Motions, the following relevant facts were developed:

On October 15, 1976, at approximately 6:30 P.M., Special Agent James E. Klien, Fort Sill Criminal Investigation Detachment, observed a 1968 Cadillac automobile driving very slowly and in a suspicious manner on the side streets of the First Training Battalion, 4400 Area, at Fort Sill Military Reservation. The vehicle was occupied by four male individuals, one black and three white, later identified as the defendants Brooks, Mathews, Berry and Payne. Agent Klien established surveillance and concluded, due to their hair styles and dress, that the occupants were civilians. Klien observed the vehicle bore no post registration and had an out-of-county license plate.

The 4400 Training Area was known by Officer Klien to be a high crime area, especially in regard to drug related offenses with the highest incidence of crime occurring during the first and middle of each month when the military trainees are paid. October 15, 1976, was payday at Fort Sill, and numerous trainees were in the area.

As a result of his observation, Agent Klien requested by radio that a military policeman (MP) be detached for the sole purpose of identifying the vehicle's occupants. Vehicle stops are routinely and frequently conducted for this purpose in order to maintain base security and to enforce the Post's vehicle registration regulations. In addition, signs are posted at each of the several entrances to Fort Sill which state:

"*Warning*

1. Entrance as only approved by the Base Commander
2. *Entry upon this reservation constitutes consent to search person and vehicle at any time.*"

Private First Class (PFC) Richard F. Church, Military Police (MP) Company, stopped the vehicle occupied by Mathews, Berry, Payne and Brooks on Wilson Road adjacent to Building 4530. MP Church was directed by Agent Klien to determine only the identity of the occupants and for what purpose they were at Fort Sill. Agent Klien had parked his vehicle immediately behind the 1968 Cadillac occupied by the defendants in order to observe more closely their conduct.

While determining the defendants' identity, MP Church observed in plain view marihuana residue on the passenger side of the dashboard. During the past twenty-six months, Church had assisted with the investigation in approximately fifty drug related offenses and, therefore, was familiar with the appearance and physical characteristics of marihuana. Upon discovering the marihuana particles, pursuant to Klien's instructions, Church conducted a search of the defendants Mathews, Berry, Payne and Brooks, at which time a bag of marihuana was found in the possession of the defendant Mathews. Church observed a key fall to the ground while Mathews was emptying his pockets.

Consent to search the vehicle was requested from the driver, Payne, who replied he had no objection to such a search. The interior of the 1968 Cadillac was searched, and when Payne was asked to unlock the vehicle's trunk, he once again stated he was

willing to permit a trunk search, but had lost the key. MP Church then retrieved the key which he had earlier observed. When brought to Payne's attention, he said nothing but appeared surprised and nervous. With this key, MP Church opened the vehicle's trunk and discovered two large bags containing thirty-four "lids" of marihuana valued at approximately $350.00.

The defendants Mathews, Berry, Payne and Brooks were detained at the headquarters, Criminal Investigation Detachment (C.I.D.), Fort Sill. After being advised of their rights in accordance with *Miranda* procedures, confessions were taken from Mathews, Berry and Payne. Brooks made no statement. At this time, C.I.D. first learned that a black male, Herman Davies, was involved with Mathews, Berry, Payne, and Brooks in the sale of marihuana at Fort Sill. The defendants were then advised that due to the fact they were civilians, they would be released but would later be contacted by federal law enforcement authorities.

Earlier, the defendant Davies had been stopped on Fort Sill Military Reservation for a routine identification check. Agent Klien had observed Davies in the 4400 Training Area, visiting with numerous trainees. From his surveillance, Klien concluded Davies was intentionally selecting loners to approach. During the identification check, Davies produced a Health Worker's identification card and stated he worked for the Bluford Company on Fort Sill as a mess hall attendant. Davies was permitted to leave and was later observed departing the area via taxi.

On October 21, 1976, the defendants Berry, Mathews and Payne each signed a written confession. On October 28, 1976, the defendants Brooks and Davies signed written confessions. All confessions were obtained by Special Agent William M. Bone of the Federal Bureau of Investigation, after each had signed a standard waiver form. Each defendant admitted to having met with four other persons for the purpose of selling marihuana at Fort Sill Military Reservation on October 15, 1976. The confessions were replete with details regarding the planning and execution of this offense.

The defendants Mathews, Berry, Brooks and Davies seek to suppress at trial the marihuana seized from the vehicle and from the person of the defendant Mathews alleging it was obtained as the result of an unlawful search. Defendants contend that Fourth Amendment standards apply at Fort Sill Military Reservation because it is an open post, and, accordingly, there was no basis for the vehicle stop, and subsequent probable cause for the warrantless search. In addition, defendants Brooks and Mathews seek the suppression of their confessions on the same basis.

■ This Circuit has held that the submission to search without warrant or probable cause can be validly imposed as a condition to gaining access to a military reservation. *United States v. Vaughan,* 475 F.2d 1262 (10th Cir. 1973). In *Vaughan,* which involved the legality of a warrantless search at Tinker Air Force Base, the Court stated:

"The Government's position is that a person within the restricted area of a military reservation is subject to having his person and his vehicle searched in the interest of military security. *Further it asserts that submitting to search could be validly imposed as a condition to gaining access to a military reservation. Both of these positions are correct . . .*"
475 F.2d at 1263 (Emphasis added)

The Court in *Vaughan* found it significant that signs had been posted making one subject to search at any time as a condition for gaining admission to the Base. In reaching its decision, the Court made no distinction between an open or closed base when it stated:

"The Government also points to the large sign posted at the entrance to the Air Force Base and says that consent to the search may be implied. The sign read as follows:

'WARNING. U. S. AIR FORCE BASE. IT IS UNLAWFUL TO ENTER THIS AREA WITHOUT PER-

MISSION OF THE COMMANDER OF TINKER AIR FORCE BASE. WHILE ON THIS INSTALLATION ALL PERSONNEL AND THE PROPERTY UNDER THEIR CONTROL ARE SUBJECT TO SEARCH.'

. . . *[W]e agree, as we said before, that once within the area where security was imposed, a search conducted without probable cause and without consent could be proper. Also the submission to search could be imposed as a valid condition to gaining access to the base."* 475 F.2d at 1264 (Emphasis added)

■ Signs similar to those at Tinker Air Force Base are clearly posted at the entrances to Fort Sill Military Reservation. This Court finds that the defendants had consented to their vehicle and persons being searched by entering the Military Reservation. Accordingly, the warrantless search of the defendant Mathews and the 1968 Cadillac occupied by Mathews, Berry and Brooks is lawful on this basis.

■ This Court further finds that the warrantless vehicle search was lawful based on the voluntary actual consent of the driver, Phillip Payne. Consent to search the 1968 Cadillac was requested by Agent Klien from Payne, who replied he had no objection. After the vehicle's interior was searched, Payne stated he had no objection to trunk search but was unable to unlock the trunk because he had lost the key. When the key was found near the defendant Mathews, Payne did not withdraw his consent, but said nothing. There is no evidence of promises, duress, or coercion by the Officers in obtaining this consent.

Consent to a search has been specifically recognized as an exception to the warrant and probable cause requirements of the Fourth Amendment. *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *United States v. Cage,* 494 F.2d 740 (10th Cir. 1974); *Wren v. United States,* 352 F.2d 617 (10th Cir. 1965).

■ This Court finds that a third basis, probable cause, existed for the Officers to conduct a search of the vehicle and the defendant Mathews. Law enforcement authorities may conduct warrantless searches of automobiles for evidence of crimes where there is probable cause. *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Brinegar v. United States,* 338 U.S. 160, 165–71, 69 S.Ct. 1302, 93 L.Ed. 1879 (1943); *United States v. One 1957 Ford Ranchero Pickup Truck,* 265 F.2d 21 (10th Cir. 1959).

There was probable cause for MP Church and Agent Klien to believe that the vehicle occupied by the defendants Mathews, Berry, Payne and Brooks contained contraband.

The officers had authority to stop the defendants' vehicle for identification purposes not only to enforce the Post's vehicle registration regulations but also because of the defendants' suspicious conduct. The defendants were civilians with no apparent purpose for being in the Training Area. They were driving in a slow and suspicious manner at a time, payday, and place, the Training Area, where criminal problems are at their highest. Their vehicle had no post registration and bore an out-of-county license tag. As the Court stated in *United States v. McDevitt,* 508 F.2d 8, 10 (10th Cir.):

"In order for an officer to stop . . a vehicle, there must exist some bases for suspicion, at least, that the driver has violated the law even though the facts need not be sufficient to establish probable cause. See *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Stone v. Patterson,* 468 F.2d 558 (10th Cir. 1972); *United States v. Self,* 410 F.2d 984 (10th Cir. 1969)."

As the Supreme Court noted in *Adams v. Williams,* 407 U.S. 143, 146, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612 (1971):

"A brief stop of a suspicious individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time."

■ Once having stopped the vehicle, MP Church observed in plain view marihuana

particles on the passenger side of the vehicle's dashboard. There is no doubt that law enforcement authorities may seize contraband in plain view and make it the basis for either arrest or further search. *Harris v. United States,* 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968).

A search of the defendants revealed a bag of marihuana in the possession of the defendant Mathews. In addition, Payne's reaction to MP Church's discovery of the trunk key immediately after Payne had stated this key had been lost provided further basis for probable cause.

Based on these facts, the Court finds there was probable cause to believe that the "vehicle contains that which by law is subject to seizure and destruction".

█ In addition, defendants Mathews, Brooks and Davies seek the suppression of their confessions obtained by Special Agent William M. Bone on the basis they were obtained by coercion and duress and in violation of their Fifth Amendment privilege as stated in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Davies further contends he was intoxicated and unaware of his conduct at the time he signed his confession.

This Court finds that the defendants were properly and fully advised of their right to remain silent, to have private or court-appointed counsel, and that their statements may be used against them in a court of law, all in accordance with the procedures specified in *Miranda.* The defendants signed the standard advice of rights form. If the accused has signed a waiver form, the Court will presume that the interrogating officers gave the *Miranda* warnings, and that the defendant knowingly and voluntarily waived these rights. *Morse v. Wilson,* 500 F.2d 1264, 1268 (10th Cir. 1974); *United States v. Romero,* 495 F.2d 1356, 1358 (5th Cir. 1974), cert. denied, 419 U.S. 307, 95 S.Ct. 307, 42 L.Ed.2d 267. The Court finds that the defendants voluntarily exercised an intelligent waiver of their *Miranda* rights, and knowingly made their statements to Agent Bone in the ab-sence of duress, promises, or coercion. In addition the Court finds that Defendant Davies was not intoxicated and certainly not to the extent that he did not know what he was doing or what he was doing was involuntarily done because of intoxication. The agent taking his confession testified that he did not smell the odor of alcohol on Davies' breath, his speech was not slurred, his walk was regular and his eyes were not bloodshot. All Davies testified to was he had a problem with alcohol, had gone to bed around 3:30 a.m., got up before noon when the officers came to his apartment and had a drink in a back room out of their presence before he left with them for the FBI office. Under the evidence the Court finds that Davies' confession was not involuntarily given by reason of drunkenness.

The Court finds that the confessions of Mathews, Davies and Brooks were not obtained in violation of Rule 5(a), *Federal Rules of Criminal Procedure, McNabb v. United States,* 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943), and *Mallory v. United States,* 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957). Their incriminating statements were not elicited as the result of an unlawful detention or unreasonable delay in arraignment.

This Court finds, based on the facts and law heretofore stated, that the confessions obtained from Mathews, Brooks and Davies, and the marihuana seized from the person of the defendant Mathews as well as from the vehicle involved in this matter, are admissible at trial.

The Court concludes that the defendants' Motions to Suppress should be denied.

It is so ordered this 6 day of December, 1976.