**UNITED STATES of America, Plaintiff,**

v.

**Sylvester MILLER, Jr.; Debra Rita Victor, Also Known As Debra Miller, Defendants.**

**No. CR–81–23–D.**

United States District Court,
W. D. Oklahoma.

March 2, 1981.

**692**

Larry Patton, U. S. Atty. by Kathleen Flanagan, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

Jon H. Trudgeon, Oklahoma City, Okl., for defendant Miller.

Wayne L. Turpin, Oklahoma City, Okl., for defendant Victor.

## ORDER

DAUGHERTY, Chief Judge.

Defendant Sylvester Miller, Jr., (Miller) stands charged by an Indictment herein with one count of introducing contraband, to-wit marihuana, upon the grounds of the Federal Correctional Institution at El Reno, Oklahoma, in violation of 18 U.S.C. § 1791 and one count of possession of marihuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Presently before the Court in this matter are two Motions to Suppress Evidence filed by Defendant Miller wherein he seeks suppression of certain marihuana obtained from him pursuant to a search of his person on August 14, 1980, by prison officials and suppression of a statement he made to Larry G. Cincotta, a Special Agent of the Federal Bureau of Investigation (FBI), in connection with the investigation of this incident. Each Motion is supported by Briefs and the government has filed separate Briefs in opposition thereto. An evidentiary hearing was held in connection with the instant Motions on February 24, 1981, at which Defendant Miller appeared in person and with his attorney, Jon H. Trudgeon, and the government was represented by Kathleen Flanagan, Assistant United States Attorney. At the conclusion of the evidentiary hearing, the Court orally overruled both of Defendant Miller's Motions to Suppress Evidence and announced a formal order would be filed covering said rulings.

With respect to the marihuana, Defendant Miller contends that this evidence should be suppressed because the same was obtained as a result of an improper and unreasonable search of his person. In this connection, Defendant Miller asserts that the search was improper in that prisoners such as he are not given notice by a posted sign or otherwise that they are subject to random body searches. Defendant Miller further maintains that the search was unreasonable under the circumstances as he had been subjected to a body search shortly before the body search in which the marihuana sought to be suppressed was discovered. The government responds that the body search in question was neither unreasonable nor improper when viewed in relation to the importance of maintaining security at a federal prison.

As to the statement made by Defendant Miller to Special Agent Cincotta, Defendant Miller contends that this evidence should be suppressed because the same was obtained from him by coercion in that he was informed prior to his interrogation in this matter that his wife and child were in custody and therefore Defendant Miller understood that they would be detained if he refused to make a statement. The government responds that Defendant Miller voluntarily made the statement in question after being advised of his rights and was not told that his wife and child were in custody, nor was Defendant Miller threatened by anyone as to the consequences of not making a statement.

The only evidence presented at the hearing on the instant Motions was the testimony of Special Agent Cincotta who testified that he is the FBI agent assigned to handle criminal investigations at the El Reno Federal Correctional Institution and that he was called by prison officials to investigate the incident giving rise to this case. Special Agent Cincotta further testified that his investigation revealed that one of the prison officers overheard Defendant Miller's telephone conversation with Defendant Debra Rita Victor (Victor), who is Defendant

Miller's common law wife, wherein the smuggling of marihuana was discussed. Later, Defendant Victor and her daughter came to visit Defendant Miller at the institution. Prior to Defendant Miller being allowed to visit Defendant Victor in a visiting room, a body search of Defendant Miller was conducted and revealed no contraband on his person. Defendant Miller was then allowed to visit Defendant Victor. At the conclusion of or during the visit, Defendant Miller attempted to enter a nearby restroom whereupon he was detained and thereafter searched by prison officials who discovered two balloons of marihuana on his person. Special Agent Cincotta was then called in to investigate this matter by prison officials.

Upon arriving at the institution, Special Agent Cincotta proceeded to interview Defendant Miller after advising him of his rights and after Defendant Miller had been given a form which listed these rights and which Defendant Miller signed. (Plaintiff's Exhibit 1) Defendant Miller told Special Agent Cincotta that he wanted to talk privately to his unit manager, Jim Brown, before discussing the incident further. Defendant Miller was allowed to speak to his unit manager after which Special Agent Cincotta asked Defendant Miller if he desired to discuss the incident. Defendant Miller answered that he did and then proceeded to give the statements which he now seeks to suppress. Special Agent Cincotta further testified that neither he nor any of the prison officials involved in this matter ever told Defendant Miller that Defendant Victor and her child were in custody or were going to be placed in custody or otherwise detained by FBI or prison officials except to be interviewed. Defendant Victor and her child did remain in the lobby of the visiting area during this time; she stated she did not wish to say anything whereupon Defendant Victor was told that she would be contacted by the United States Attorney's office regarding this incident. Defendant Victor and her child were then allowed to leave the institution.

It is well established that the need to maintain prison discipline provides the basis for dispensing with the warrant and probable cause requirement when conducting a search within the confines of a penal institution. *Lanza v. New York,* 370 U.S. 139, 142–144, 82 S.Ct. 1218, 1220–21, 8 L.Ed.2d 384 (1962); *United States v. Lilly,* 576 F.2d 1240, 1244 (Fifth Cir. 1978); *Daugherty v. Harris,* 476 F.2d 292, 294 (Tenth Cir. 1973), *cert. denied,* 414 U.S. 872, 94 S.Ct. 112, 38 L.Ed.2d 91 (1973); *United States v. Kelley,* 393 F.Supp. 755, 756–757 (W.D.Okla.1975). However, the Fourth Amendment mandates that searches or seizures conducted on prisoners must be reasonable under all the facts and circumstances in which they are performed. *United States v. Lilly, supra.*

In the instant case, the Court specifically finds from the evidence before it that the body search of Defendant Miller was reasonable under the circumstances. The search was not oppressive and does not in any way shock the conscience of the Court. *United States v. Kelley, supra.* Nor is the Court persuaded that prior notice of the search of Defendant Miller through a valid prison regulation or otherwise was required under the facts of this case in order for the search to be reasonable as Defendant Miller maintains. On the contrary, prior notice is unnecessary when prison officials have reason to believe that a particular prisoner is hiding or may hide contraband in a body cavity. *United States v. Lilly, supra,* 576 F.2d at 1247. As noted above, prison officials in the instant case overheard a conversation between Defendant Miller and Defendant Victor concerning the marihuana in question and therefore had reason to believe at the time of the search of Defendant Miller that he had contraband on his person. In view of the foregoing, the Court determines that the search of Defendant Miller was reasonable under the circumstances.

As to the statement Defendant Miller seeks to suppress, there is no evidence before the Court to support Defendant Miller's contention that the same was obtained from him by coercion or while he was under

duress. Other than a brief detention in the lobby of the visiting area by prison officials for a possible interview, Defendant Victor and her child were not detained or taken into custody nor was the threat of such detention ever communicated to Defendant Miller by anyone according to the evidence before the Court. Rather, the evidence discloses that the only statements made by any official to Defendant Miller concerning Defendant Victor appear to have been statements to the effect that Defendant Victor would be detained for an interview and would no longer be allowed to visit the institution as a result of the incident. Therefore, from the evidence before the Court in this case, the Court determines that Defendant Miller was advised of his *Miranda* rights, understood and waived the same and voluntarily gave the statement sought to be suppressed without the same being obtained by force, promises, threats, duress or coercion.

In view of the foregoing, the Court finds and concludes that both Motions to Suppress Evidence filed herein by Defendant Miller should be overruled. Accordingly, the marihuana and statement in question were legally obtained from Defendant Miller by the government and are admissible in evidence at the forthcoming trial herein under proper jury instructions.